## J. S. ADCOCK *v.* NEW CRYSTAL ICE Co. *et al.*

### (*Knoxville.* September Term, 1921.)

1. **JUDGMENT.** Adjudication in bankruptcy court determination of question in action in State court.

Where, in determining validity of claim, bankruptcy court *held* that a contract under which claim was made was void, the claimant, in an action in State court by assignee of bankrupt to recover money paid under the contract, cannot claim the legality of the contract. (*Post, p.* 515.)

Cases cited and approved: Gudger v. Barnes, 51 Tenn., 571; State v. Bank, 95 Tenn., 221; Memphis City Bank v. Smith, 110 Tenn., 337.

2. **CORPORATIONS.** Creditors can recover money paid out under void contract.

Creditors of a bankrupt corporation may recover money paid by it to a third party under a contract void because in restraint of trade, since equity regards the property of the corporation as held in trust for the payment of debts of the corporation. (*Post, pp.* 515, 516.)

Cases cited and distinguished: Vance & Kirby v. McNabb Coal, etc. Co., 92 Tenn., 47; Jennings, Neff & Co. v. Ice Co., 128 Tenn., 231.

3. **BANKRUPTCY.** Trustee has rights of creditors; trustee may recover money paid out under void contract.

Trustee of bankrupt corporation may in general assert the right of creditors respecting the bankrupt estate, and may recover money paid out by the corporation under a contract void as being in restraint of trade. (*Post, pp.* 516, 517.)

Cases cited and approved: Benner v. Scandinavian-American Bank, 73 Wash., 488; Bailey v. Wood, 211 Mass., 37; Sherrill v. Hutson, 187 Ala., 189; Mackall v. Pocock, 136 Minn., 8; Memphis Lbr. Co. v. Security Bank & Trust Co., 143 Tenn., 136.

Adcock v. New Crystal Ice Co.

4. ASSIGNMENTS. Conveyance of property not void because grantee may have to bring suit.

A bare right of action cannot be assigned, but a conveyance of property is not void because the grantee may have to bring suit to enforce his right to the property conveyed. (*Post, pp.* 517, 518.)

Cases cited and distinguished: Dickinson v. Burrell, L. R., 1 Eq., 337; Traer v. Clews, 115 U. S., 528.

5. BANKRUPTCY. Assignee held entitled to sue for money paid out by corporation under void contract.

Where trustee of a bankrupt corporation conveyed to assignee the property of the bankrupt and "all of the rights, title, claims, interest, and demands, both in law and equity, of the trustee in bankruptcy, as such in," etc., assignee was entitled to bring suit to recover money paid to a third person by the corporation under a contract void as being in restraint of trade. (*Post, pp.* 518, 519.)

6. BANKRUPTCY. Where trustee discharged assignee of bankrupt's assets should sue in own name.

Where assignee of assets of bankrupt was entitled to sue third person to recover money paid by bankrupt under void contract, the suit should be brought in the name of the assignee, trustee in bankruptcy having been discharged, in view of Thompson's-Shannon's Code, section 4492; but where a suit was brought in the name of the trustee for the use of the assignee, the name of the trustee as a nominal plaintiff should have been rejected as surplusage, and it was error to dismiss the bill. (*Post, p.* 519.)

Cases cited and approved: Enley v. Nowlin, 60 Tenn., 163; Kyle v. Ewing, 73 Tenn., 580.

Code cited and construed: Sec. 4492 (T.-S.).

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— HON. CHAS. HAYES BROWN, Chancellor.

L. C. ELY, for appellant.

LUCKY, JONES & ANDREWS, for respondent.

MR. JUSTICE GREEN delivered the opinion of the court.

This suit was brought by J. S. Adcock, trustee, for the use of S. L. Lewis, against the New Crystal Ice Company and H. W. Lynn, one of the officers of that company, for the purpose hereafter appearing. The chancellor dismissed the bill, and the complainants have appealed to this court.

J. S. Adcock is or was the trustee in bankruptcy of the North Star Ice & Coal Company, a concern formerly doing business in Knoxville. Lewis purchased the assets of the concern at the trustee's sale. The defendant New Crystal Ice Company has been for a number of years engaged in the manufacture and sale of ice in Knoxville.

In the spring of 1917 a contract was made between the two ice companies, the nature of which was set out in the report of the referee in bankruptcy during the administration of the affairs of the North Star Ice & Coal Company in that court. The New Crystal Ice Company filed a petition in that cause setting up a claim for about $3,400 alleged to have been due it from the bankrupt corporation. This claim was disallowed by the referee. Speaking of the contract between the two corporations on which the claim was founded, he said:

"Just what the specific terms of the agreement were the referee was unable to determine; but he found that the substance and effect of the agreement was that the claimant was to refrain from manufacturing and selling ice in the city of Knoxville, Tenn., during the year 1917

144 Tenn.—33

for a consideration of $5,000; which consideration in part is the basis of the claim in controversy. The referee found as a fact that the claimant did not lease nor turn over the possession of its plant to the bankrupt as lessee, nor contract that the same should be operated in any way by the bankrupt as lessor. He also found that the contract was not for the sale of four thousand tons or any other amount of ice. He found that the contract was one to prohibit the production of ice by claimant's plant during the heated season of the year 1917, and was for the purpose of reducing the volume of ice production in the city of Knoxville during that season, destroying competition in the ice trade, and thereby bolstering up the selling price of ice to the consumer during that season.''

The referee announced his conclusion as follows:

''That this contract was illegal and void, because in restraint of trade under the common law; that it was illegal and void because in violation of the statutes of Tennessee prohibiting unlawful trusts and trade combinations; and that therefore the notes based upon that contract and proven in this cause by claimant were not enforceable against this estate in bankruptcy.''

Upon review the judge of the United States district court confirmed the foregoing finding of fact by the referee and adjudged the conclusion or law reached by the referee was likewise sound.

This controversy in the bankruptcy court arose by reason of an effort of the New Crystal Ice Company to collect the balance due it under such contract. The bill herein filed is one by the assignee of the trustee in bankruptcy of the insolvent corporation to recover some

$1,700 paid by the bankrupt corporation to the New Crystal Ice Company in pursuance of the terms of said contract.

The determinative question here, therefore, was the same question presented to the bankruptcy court, and the decision there is determinative of the matter here. This suit is between one of the parties and the privy in estate of the other party to the former controversy. The record of the bankruptcy court is properly brought before us. The question of the legality of the contract between the two corporations having been determined in a court of competent jurisdiction cannot be raised again in litigation between the same parties, although the form of action is different. *Gudger* v. *Barnes,* 51 Tenn. (4 Heisk.), 571; *State* v. *Bank,* 95 Tenn., 221, 31 S. W., 989; *Memphis City Bank* v. *Smith,* 110 Tenn., 337, 75 S. W., 1065.

There can be no doubt but that the creditors of the bankrupt corporation might have recovered from the defendant herein the sum of money paid to the latter on account of this illegal contract.

"Equity regards the property of a corporation as held in trust for the payment of the debts of the corporation, and recognizes the right of creditors to pursue it into whosesoever possession it may be transferred, unless it has passed into the hands of a *bona-fide* purchaser." *Vance & Kirby* v. *McNabb Coal, etc., Co.,* 92 Tenn., 47, 60, 20 S. W., 424.

"The doctrine that corporate assets are a trust fund, at least to the extent that creditors are entitled in equity to payment of their debts before any distribution of

corporate property is made among stockholders, is fully established in Tennessee, and creditors have a right to follow its assets or property into the hands of any one who is not a holder in good faith in the ordinary course of business." *Jennings, Neff & Co.* v. *Ice Co.,* 128 Tenn., 231, 236, 159 S. W., 1088, 47 L. R. A. (N. S.), 1058.

Clearly, therefore, these creditors might successfully maintain a suit to regain this fund diverted to an unlawful purpose, the trustee out of the way.

That the trustee himself might have recovered is equally clear, for he takes not only the right and title of the bankrupt, but represents the bankrupt's creditors, and may in general assert the rights of creditors respecting the bankrupt estate. *Benner* v. *Scandinavian-American Bank,* 73 Wash., 488, 131 Pac., 1149, Ann. Cas., 1914D, 702; *Bailey* v. *Wood,* 211 Mass., 37, 97 N. E., 902, Ann. Cas., 1913A, 950; *Sherrill* v. *Hutson,* 187 Ala., 189, 65 South., 538, 32 Am. Bankr. Rep., 532; *Mackall* v. *Pocock,* 136 Minn., 8, 161 N. W., 228, L. R. A., 1917C, 390, 38 Am. Bankr. Rep., 680; Collier on Bankruptcy (15th Ed.), p. 70; Loveland on Bankruptcy (3d Ed.), p. 619; 3 R. C. L. 220.

The *status* of a trustee in bankruptcy differs from that of an assignee of a conveyance for the benefit of creditors in the respect just noted. The latter succeeds only to such rights as the assignor has. The doctrine *in pari delicto* applied in *Memphis Lbr. Co.* v. *Security Bank & Trust Co.,* 143 Tenn., 136, 226 S. W., 182, to repel the suit of an assignee, cannot be applied to a trustee in bankruptcy who by statute represented the creditors.

It is contended by the defendant that the right to bring this suit did not, however, pass to Lewis under the trustee's sale of the bankrupt estate. Certainly the deed of the trustee to Lewis made in conformity to the direction of the court was broad enough in its terms to carry the right to bring this suit.

The description contained in that deed concludes as follows:

"And finally all of the rights, title, claims, interest and demands, both in law and equity, of the trustee in bankruptcy as such in, to, and against all the assets of the bankrupt as above set out, and against all persons, firms, and corporation, and including the good will of the bankrupt's business, with right to sue and defend the same in as full a manner as the trustee could and should, as such trustee, sue and defend the same, so as to place him, said S. L. Lewis, the purchaser, in the same attitude and in possession of all rights which the bankrupt itself or the trustee in bankruptcy, had or has in relation to said estate at the time the sale in bankruptcy was made and confirmed, and which have resulted from the filing of the petition in bankruptcy and the adjudication thereunder."

It is said, however, that a bare right of action cannot be assigned, and this is true. A conveyance of property, however, is not void because the grantee may have to bring suit to enforce his right to the property conveyed.

The supreme court of the United States in disposing of a similar contention involving the validity of a transfer by a trustee in bankruptcy said:

"The rule is that an assignment of a mere right to file a bill in equity for fraud committed upon the assignor will be void as contrary to public policy and savoring of maintenance. But when property is conveyed, the fact that the grantee may be compelled to bring a suit to enforce his right to the property does not render the conveyance void. This distinction is taken in the case of *Dickinson* v. *Burrell,* L. R., 1 Eq., 337. The facts in that case were that a conveyance of an interest in an estate had been fraudulently procured from Dickinson, by his own solicitor, to a third party for the solicitor's benefit, and for a very inadequate consideration. Dickinson, ascertaining the fraud, by a conveyance which recited the facts, and that he disputed the validity of the first conveyance, transferred all his share in the estate to trustees for the benefit of himself and children. The trustees filed a bill to set aside the fraudulent conveyance, upon repayment of the consideration money and interest, and to establish the trust. The Master of the Rolls, Lord Romilly, in sustaining the bill, said: "The distinction is this: if James Dickinson had sold or conveyed the right to sue to set aside the indenture of December, 1860, without conveying the property, or his interest in the property, which is the subject of that indenture, that would not have enabled the grantee, A. B., to maintain this bill; but if A. B. had bought the whole interest of James Dickinson in the property, then it would. The right of suit is a right incidental to the property conveyed." *Traer* v. *Clews,* 115 U. S., 528, 6 Sup. Ct., 155, 29 L. Ed., 467.

The New Crystal Ice Company held the sum of money received by it on account of the illegal contract as a

trustee in its own wrong for the benefit of the creditors of the North Star Ice & Coal Company. The creditors had the equitable title to such fund which passed to the trustee in bankruptcy, and he, as their representative, sold this property for their benefit to Lewis, his assignee. The assignee accordingly is entitled to bring this suit to enforce his right to the property.

Some objection has been made to the manner in which this suit was brought in the name of Adcock, trustee for the use of Lewis. It is said that Adcock had been discharged as trustee before the bill herein was filed. This is true. Thompson's Shannon's Code, section 4492, provides:

"In all suits prosecuted in the name of one person for the use of another, the person for whose use the suit is brought shall be held the real plaintiff of record."

Lewis being entitled to sue himself, it was altogether unnecessary to bring the suit in the name of Adcock, trustee for his use, and the unnecessary use of the name of a nominal plaintiff will be rejected as surplusage. *Enley* v. *Nowlin,* 60 Tenn. (1 Baxt.), 163; *Kyle* v. *Ewing,* 73 Tenn. (5 Lea), 580.

We are therefore of opinion that the chancellor was in error in dismissing this bill, and a decree will be entered here in accordance with the prayer of the bill for the amount paid on account of said contract by the North Star Ice & Coal Company to the New Crystal Ice Company, together with interest from the filing of the bill and the cost of this cause.