# N. B. HAYMES *v.* W. T. HALLIDAY *et al.*

## (*Nashville.* December Term, 1924.)

1. ASSIGNMENTS. Causes of action ex delicto are assignable if they would survive to representative of assignor.

   Whether right of action *ex delicto* is assignable depends on its survivability, and if its nature is such that it would survive to personal representative of party injured, it may be the subject of a valid assignment. (*Post, pp.* 118, 119.)

   Cases cited and approved: Railroad v. Henderson, 69 Tenn., 1; Morrison v. Deaderick, 29 Tenn., 342; Adcock v. New Crystal Ice Co., 144 Tenn., 511; Zabriskie v. Smith; 13 N. Y., 332.

2. ASSIGNMENTS. Actions ex delicto for injuries to real property assignable by statute.

   Though the statute of 4 Edw. III, chapter 7, permitting survivorship of actions *ex delicto* for injuries to personal property, became part of Tennessee common law, the later statute of 4 Wm. IV, chapter 42, providing for survivorship of actions ex delicto for injuries to real property, is no part of the common law, but by virtue of Thompson-Shannon Code, section 5164 (Acts 1877, chapter 111), such rights of action survive, and are therefore assignable. (*Post,* p. 119.)

   Acts cited and construed: Acts 1877, ch. 111.

   Case cited and approved: Baker v. Dansbee, 54 Tenn., 222.

   Code cited and construed: Sec. 5164 (T.-S.).

3. ASSIGNMENTS. Action for wrongful appropriation of real property assignable.

   A suit by grantee, whose deed was not recorded, against grantor for wrongful conveyance to innocent purchaser, is an action for in-

juries to real property, and cause of action is assignable by virtue of Thompson-Shannon Code, section 5164 (Acts 1877, chapter 111). (*Post*, *pp.* 119, 120.)

### FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.— HON. OSCAR YARNELL, Judge.

JOE V. WILLIAMS, for appellant.

CANTRELL, MEACHAM & MOON, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This cause was heard in this court on the question of the assignability of a right of action for tort.

The facts are, omitting details, that the assignor bought a house and lot in the town of Petros and took a deed for the same, but failed to record his deed. Thereafter the assignor and his grantor became involved in controversy, the grantor charged the assignor with fraud in the transaction, and filed a bill to set aside the deed. This suit resulted unfavorably to the grantor. Thereupon, the courts having failed him, the grantor undertook by his own hands to redress his wrongs, and by some means got into possession of the premises, and made another conveyance of the same house and lot to a person who is assumed in this record to have been an innocent pur-

chaser for value.  The deed to the innocent purchaser was promptly registered.

In this state of affairs, the assignor undertook to get up another trade with respect to this lot with other parties, and executed a paper which may be conceded to be nothing more than a transfer to these third parties of his right of action against his grantor for the fraud just detailed.  In a short while a suit was brought by the assignor for the use of his assignees against the grantor, on account of the fraudulent conduct of the latter, resulting in depriving the assignor of the lot conveyed to him by the unregistered deed.  There was some discussion in the lower court as to the nature of this action, but the defendant below, the grantor, finally elected to treat it as an action *ex delicto,* and interposed a plea of not guilty.  There was a verdict and judgment against the defendant below for the value of the lot, which judgment was affirmed by the court of civil appeals.

It was the old rule of the common law that choses in action, save negotiable instruments, were not assignable.  This rule has been changed by legislation and decisions until it may now  be said in this state that almost any right of action growing out of a breach of contract may be assigned.  There is before us, however, the assignment of a right of action growing out of tort, and we have no general statute with respect to assignments of causes of action *ex delicto,* and the effect of our decisions is inconclusive.

In *Railroad* v. *Henderson,* 69 Tenn. (1 Lea), 1, it was held that an action for tort to personal property might be assigned.

In *Morrison* v. *Deaderick,* 29 Tenn. (10 Humph.), 342, it was said that an assignment of a bare right to file a bill for fraud committed upon the assignor, under pretext of a sale of goods, was against public policy and void

In *Adcock* v. *New Crystal Ice Co.,* 144 Tenn., 511, 234 S. W., 336, it was allowed that a bare right of action was not assignable, but the assignment there was held to convey more than a bare right of action, and no such conclusion was required in the decision of the case. The validity of an assignment by a trustee in bankruptcy was in question, and the effort was, out of abundant caution, to test the assignment by the decisions of the supreme court of the United States. The concession made was for the purposes of the argument, and was not intended as a statement of law. Furthermore, what the court had in mind was the assignment of the right to file a bill in equity for fraud.

The test of the assignability of a right of action *ex delicto* is made to depend by the overwhelming weight of authority on its survivability.

". . . If a right of action arising out of tort is of such a nature that, upon death of the party entitled to sue, it would survive to his personal representative, it may be assigned, but if the right is such that it would not survive, it may not be made the subject of a valid assignment." 5 C. J., 886.

To the same effect see 2 R. C. L., p. 610 et seq., and note 5 A. L. R., 130, and cases cited.

The statute of 4 Edw., III, chapter 7, permitted the survivorship of various actions *ex delicto* for injuries to

personal property. The later statute of 4 Wm., IV, chapter 42, provided for survivorship of actions *ex delicto* to real property. *Zabriskie* v. *Smith,* 13 N. Y., 332, 64 Am. Dec. 551.

Builded upon these statutes, and aside from specific legislation, the general rule has now come to be that actions *ex delicto* for injuries to property, as distinguished from actions *ex delicto* for injuries to person, are assignable. 2 R. C. L., p. 613, 5 C. J., p. 889; and see discussion in note 5 A. L. R., 130.

While the statute of Edw. III is part of the Tennessee common law, the statute of Wm. IV is not a part of the Tennessee common law. Therefore, this court held in *Baker* v. *Dansbee,* 54 Tenn. (7 Heisk.), 222, that a right of action of trespass *quaere clausum fregit* did not survive. This decision, however, was met by chapter 111, of the Acts of 1877 (Thomp. Shan. Code, section 5164), as follows:

"When any person entitled to sue for injuries to real property shall die before commencing action, it shall be lawful for the personal representatives of said party to sue and recover for the benefit of the deceased."

So, in view of the statute of Edward III, which is the law in Tennessee, and chapter 111, of the Acts of 1877, we may now say that in this State actions *ex delicto* for injuries to property, both personal and real, survive and are, therefore, assignable.

We think the suit before us is one for injuries to real property. The defendant was sued for a wrongful appropriation of real property—for a conversion of real property, if that word could be used in such connection.

In Street's Foundations of Legal Liability, vol. 3, p. 86, it is said these rights of action are assignable.

"Causes of action arising from the breach of contract of any kind (except the breach of a promise to marry); causes of action arising from torts which affect the estate rather than the person of the individual who is injured. Under the latter head are claims arising from the carrying away or conversion of personal property; from the fraudulent misapplication of funds by the officer of a bank; from the negligent or intentional injury done to personal property or upon real estate."

It will be noted that the classification includes actions for the conversion of personal property, and actions for injury done upon real estate. There is no ground for taking a distinction between the wrongful appropriation of personal property and the wrongful appropriation of real property, or a conversion of real property, which is effected in consequence of our registration laws. This suit likewise may be called one for injury to real estate, since it resulted in the destruction of the title to said real estate of those claiming it by the unregistered deed.

The other questions have been satisfactorily discussed in the opinion of the court of civil appeals. The judgment of the lower courts will be affirmed.