SPENCE DRUG CO. *v.* LIQUID CARBONIC CORPORATION.

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

ELY, BUHL & ELY and A. J. HARTMAN, for complainant Spence Drug Co., etc.

J. Alvin Johnson and Joel H. Anderson, for defendant Liquid Carbonic Corporation.

Mr. Justice Cook delivered the opinion of the court.

The bill was filed in the name of Spence Drug Company, operated for the use of Central Drug Company, Inc., to recover from the defendant, the conditional vendor, the sum paid by the conditional vendee on the purchase price of goods sold, alleging noncompliance with section 7291 of the Code, which provides:

"Should the seller or assignee, having regained possession . . . fail to advertise and sell . . . as provided by this article [section 7287] . . . the original purchaser may recover from said seller or assignee that part of the consideration paid."

This and related sections must be construed together. They express the legislative intention to protect the original purchaser from oppression by the conditional vendor. The statute presupposes that the obligations of the conditional vendor and vendee are mutual and are to be observed by both.

The chancellor held that complainant, the purchaser at a judicial sale of the chattels covered by the contract, could not assume the rights of the original purchaser and recover the sums paid, and sustained defendant's demurrer to the bill.

The facts stated in the bill are that in August, 1929, Spence Drug Company purchased from the Liquid Carbonic Corporation a soda fountain for $2,762 and in September, 1931, purchased a carbonator for $180. The title to both chattels was retained in the vendor, the Liquid Carbonic Corporation. Payments aggregating from $1,800 to $2,000 were made by Spence Drug Company, the

conditional vendee, when it was adjudged insolvent in a proceeding in the chancery court in a case styled *L. C. Ely et al.* v. *Spence Drug Co.* By a decree in that cause, all the assets of Spence Drug Company were sold and purchased by Central Drug Company, Inc. Included in the assets was the soda fountain and carbonator conditionally purchased by Spence Drug Company.

In March, 1933, the conditional vendor repossessed the property from Central Drug Company, Inc., to enforce its contract with the then insolvent Spence Drug Company. The conditional vendor did not advertise and sell in compliance with section 7287 of the Code, but shipped the outfit to Cincinnati, Ohio.

It is charged in the bill that Central Drug Company, Inc., by its purchase at the judicial sale, acquired all the rights of the Spence Drug Company, the conditional vendee, including the right to sue and recover the purchase money paid by Spence Drug Company.

The Central Drug Company, Inc., made no payment to the conditional vendor and assumed no obligation that the vendor could enforce. It acquired no rights of the vendee by purchase at the judicial sale, other than the right to hold the chattels upon payment of the installments due from the conditional vendee to the conditional vendor.

Under these circumstances, Central Drug Company, Inc., could not assert the right of the original purchaser, a right arising from the mutual contractual obligation of the vendor and vendee, and confined by the statute to the original purchaser.

The cases of *Adcock* v. *New Crystal Ice Co.*, 144 Tenn., 511, 234 S. W., 336, *Saxon* v. *Champion Shoe Machinery Co.*, 7 Tenn. App., 603, and *Tschopick* v. *Lippincott*

(Tenn. Ch. App.), 48 S. W., 128, do not support the complainant's insistence that a party in position of Central Drug Company, Inc., can assert rights given only to the original purchaser by the statute. The chancellor correctly held that there is no equity on the face of the bill.

Affirmed.