COMMUNITY DRUG CO. *v.* LIQUID CARBONIC CORPORATION.

(*Knoxville*, September Term, 1938.)

Opinion filed June 10, 1939.

W. Clyde Buhl, of Knoxville, for plaintiff in error.

Joel H. Anderson and J. Alvin Johnson, both of Knoxville, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This is a suit to recover purchase money paid under a conditional sales contract, it being alleged that the seller upon regaining possession of the property did not advertise and sell same as required by sections 7287, 7288 of the Code.

The trial court sustained the motion of defendant for a directed verdict and dismissed the suit. Upon appeal, the Court of Appeals affirmed the judgment of the trial court.

This suit is a sequel to that of *Spence Drug Co.* v. *Liquid Carbonic Corp.*, 166 Tenn., 544, 64 S. W. (2d), 11.

The facts are that plaintiff, a corporation, operating a drugstore in Knoxville under the trade name of Spence Drug Company, on August 20, 1929, purchased a soda fountain from defendant under a conditional sales contract, the consideration being $2,900, payable in monthly installments.

On August 18, 1932, a general creditors' bill was filed against plaintiff in the chancery court at Knoxville, which it answered admitting its insolvency and consenting to the appointment of a receiver to wind up its affairs. A decree was duly entered sustaining the bill, enjoining creditors from bringing suits in any other courts against plaintiff or enforcing any liens against its property, and requiring all creditors to prosecute their claims in that proceeding. A receiver was appointed and directed to sell the assets of the corporation. At that time $2,000 of the purchase price of the soda fountain had been paid and default had been made in the payment of the balance. The decree of sale contained this proviso:

"It appearing to the court that the soda fountain is heavily encumbered by lien for purchase money, the Receiver will separate said item from the balance of the assets of the Community Drug Company and only offer the same for sale subject to the lien against it."

The sale was duly made by the receiver when W. H. Myers became the purchaser of the stock of goods and fixtures, including the equity in the soda fountain, for the sum of $1,065. The sale was duly confirmed, the decree of confirmation being approved by the president of plaintiff. The purchaser, Myers, immediately transferred his purchase to a recently organized corporation styled Central Drug Company. This latter company failed to discharge the lien upon the soda fountain whereupon the defendant obtained possession thereof, but did not comply with the statute in advertising and selling same. Subsequently, the Central Drug Company filed its bill to recover the purchase money paid by the Community Drug Company, but was denied relief in the opinion referred to above reported in *Spence Drug Co.* v.

*Liquid Carbonic Corp.*, 166 Tenn., 544, 64 S. W. (2d), 11, 12. In that case it was said:

"Under these circumstances, Central Drug Company, Inc., could not assert the right of the original purchaser, a right arising from the mutual contractual obligation of the vendor and vendee, and confined by the statute to the original purchaser."

Counsel for plaintiff erroneously construed the decision in that case as holding that the original purchaser could recover the purchase money which it paid on the soda fountain, and upon that theory instituted this suit.

██ It appears that upon the filing of the general creditors' bill against plaintiff the Liquid Carbonic Corporation was induced to agree to a sale of the soda fountain in that proceeding, subject to its lien. In other words, it was willing for the equity of plaintiff in the fountain to be sold in the belief and with the expectation that the purchaser would satisfy its debt. It sought no personal decree against plaintiff for the unpaid purchase money and, not having asserted such claim within the time fixed in the decree, waived same, and could not thereafter obtain a deficiency judgment against it should the fountain sell for a sum less than its debt. When Myers and the Central Drug Company acquired the equity of plaintiff in the fountain the original purchaser passed out of the picture for the reason that it had no further interest in this property. No matter how much the fountain should sell for plaintiff would receive no part of the money, and if it brought less than the debt, plaintiff could not be held for the deficiency.

The defendant could have obtained a decree for the amount of its debt against the plaintiff in the creditors' suit, but, as previously stated, it waived this right.

In *Johnson* v. *Martin Furniture Co.*, 139 Tenn., 580, 583, 584, 202 S. W., 916, it is said:

"In this state such retention of title by a vendor is a security for the personal obligation for the price, partaking of the nature of a lien upon the chattel. [*McDonald*] *Automobile Co.* v. *Bicknell*, 129 Tenn., [493], 496, 167 S. W., 108, Ann. Cas., 1916A, 265, and cases cited.

"In this jurisdiction and several others, in contemplation of law, the personal obligation or debt is one thing, and the lien on given property securing the debt is another. The creditor may enforce both, and his election to pursue one does not exclude or waive the other as a remedy. Thus the lien of a mortgage, whether on chattels or realty, is not merged by the taking of a judgment on the obligation in personam, without satisfaction, and the lien may be thereafter foreclosed in an action, to satisfy the judgment. *Stephens* v. *Greene County Iron Co.*, 58 Tenn. (11 Heisk.), 71; *Rossiter* v. *Merriman*, 80 Kan., 739, 104 P., 858, 24 L. R. A. (N. S.), 1095; 15 R. C. L., p. 789."

Section 7291 of the Code, upon which plaintiff relies, is as follows:

"Should the seller or assignee, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller or assignee that part of the consideration paid to him, in an action for the same before any justice of the peace or court having jurisdiction of the amount."

In *Rice* v. *Lusky Furniture Co.*, 167 Tenn., 202, 205, 68 S. W. (2d), 107, this court, in construing that statute, said:

"Section 7291 was designed for the protection of the conditional vendee. Its purpose was to compel a fair and public sale of the goods retaken by the conditional vendor, to prevent the latter from appropriating the property or disposing of it secretly. The idea was to have the property sold for all it was worth and to give the conditional vendee the benefit of any excess in the value of the property over the amount of the purchase price remaining unpaid."

The plaintiff does not come within the purview of this statute and cannot maintain an action thereon since it is in no wise concerned as to the disposition of the soda fountain and has no interest therein to be protected.

We think the other courts were correct in dismissing this suit and we, therefore, deny the writ.