EUGENE D. DUNCAN

(MARY K. YEROYAN, *plaintiff in interest*)

*v.*

LUMBERMEN'S MUTUAL CASUALTY COMPANY.

*William H. Sleeper*, for the plaintiff.

*Devine & Tobin*, for the defendant.

MARBLE, J. Mary K. Yeroyan brings the present action in the name of Eugene D. Duncan, designating herself therein as plaintiff in interest. Apparently, this is without specific authorization, since an action brought by Duncan himself against the defendant company for the same cause is now pending.

While a liability insurance company may be liable to its insured for negligence in failing to adjust a claim covered by its policy of insurance (*Douglas* v. *Company*, 81 N. H. 371; *Cavanaugh* v. *Corporation*, 79 N. H. 186), it does not follow that the claimant may complain of the negligence in question, for the duty of the insurer to exercise care in the handling of a claim against the insured arises from the relationship created by the policy. *Douglas* v. *Company*, *supra*, 376. The rule of *Sanders* v. *Insurance Co.*, 72 N. H. 485, cannot be expanded to cover the present situation, since the policy here involved contains no provision for indemnity beyond the requirement that the insurer shall satisfy the judgment against the insured to the amount stipulated in the policy. This the defendant company has done. *Lumbermen's &c. Co.* v. *Yeroyan*, 90 N. H. 145, 147.

An insured defendant who has paid a judgment in excess of the amount for which he is insured may of course recover the excess from the insurance company on proof that the company has negligently failed to settle the claim within the policy limit. This was the situation in the *Douglas* case. But "liability for negligence is imposed only for injuries resulting from the particular hazard against which the duty of due care required protection to be given" (*Flynn* v. *Gordon*, 86 N. H. 198, 202), and the duty of an insurance company to protect its insured against liability cannot consistently be extended to include protection to the one who is seeking to hold the insured liable.

In short, conduct to be legally wrongful must contravene some duty which the law attaches to the relation between the parties (*Garland* v. *Railroad*, 76 N. H. 556, 565), and it is clear that no relationship here exists between Mary K. Yeroyan and the defendant company which would permit the maintenance of the present action.

Furthermore, it is doubtful if Mary can now bring any action on her judgment against Duncan. On July 1, 1938, a voluntary nonsuit was entered in an action brought by her on that judgment. Section 9 of Chapter 329 of the Public Laws provides as follows: "If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon,

and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment."

If no new action was brought within a year after the voluntary nonsuit, Mary is now precluded from bringing another action for the same cause. See *Milford Quarry &c. Co.* v. *Railroad*, 78 N. H. 176; s. c., 84 N. H. 407, 412. This being so, Duncan's action against the defendant company would probably fail, since the "Necessary elements of a cause of action based upon negligence are the causal negligence of the defendant, plus resulting harm to the plaintiff." *White* v. *Schnoebelen, ante*, 273.

These latter suggestions are made merely for the guidance of the Superior Court. Since Duncan is not a party to the present action, no order binding him can now be made.

*Case discharged.*

All concurred.

Rockingham,
April 1, 1941. } No. 3228.