122 So.2d 313 (1960)
Hezekiah STURGIS, Petitioner,
v.
CANAL INSURANCE COMPANY OF GREENVILLE, SOUTH CAROLINA, a Corporation, Respondent.
Supreme Court of Florida.
July 13, 1960.
Wesley A. Fink, Daytona Beach, for petitioner.
Cobb & Cole, Daytona Beach, and Boyd, Jenerette & Leemis, Jacksonville, for respondent.
HOBSON, Justice.
The decision of the District Court of Appeal, First District, has been certified to us, by that court for review by certiorari, as a decision that passes upon a question of great public interest within the purview of Section 4(2), Article V, of the Constitution of Florida, F.S.A.[1]
Our pursual of the District Court's opinion,[2] in the instant case, discloses that the Circuit Court of Volusia County certified the following question to it for an answer pursuant to Florida Appellate Rule 4.6, 31 F.S.A.:
"Where plaintiff in an automobile accident suit has recovered a judgment in excess of the policy limits of the defendant's insurance policy, and where said policy contains the following provision:
"`any person or organization, or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.'
"And where plaintiff has received payment of said policy limits but holds an unsatisfied judgment as to the excess, may the plaintiff maintain a suit directly against the insurer for recovery of the judgment beyond the limits of the policy, based upon the alleged negligence or bad faith of the insurer in the conduct or handling of said suit."
*314 The petitioner contends here, as he did in the District Court, that our decision in the case of Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852, 855, requires an affirmative answer to this question.
The judgment creditor in the Shaw case had the benefit of the following policy provision:
"Insolvency or Bankruptcy of Assured. The insolvency or bankruptcy of Assured shall not release the Company from any payment otherwise due hereunder, and if, because of such insolvency or bankruptcy, and execution on a judgment against Assured is returned unsatisfied the judgment creditor shall have a right of action against the Company to recover the amount of said judgment to the same extent that Assured would have had if he paid the judgment. * * *" (Emphasis supplied.)
The District Court of Appeal after carefully distinguishing the difference in the terminology used in the insurance policy involved in the Shaw case from that involved in the instant cause answered the certified question in the negative.
From our examination of the authorities cited in the briefs of counsel and from our independent research we have reached the conclusion that the District Court was correct in its decision that a judgment creditor may not maintain a suit directly against the insurer for recovery of the judgment in excess of the insurance policy limits under the circumstances of this case and the language of the insurance policy issued by the respondent.
Having concluded that the District Court of Appeal has for sound judicial reasons reached the correct answer to the certified question, we hereby affirm its decision without further comment and discharge the writ of certiorari heretofore issued.
Affirmed.
TERRELL, DREW, THORNAL and O'CONNELL, JJ., concur.
THOMAS, C.J., concurs specially.
ROBERTS, J., heard the argument but did not participate in the decision.
THOMAS, Chief Justice (concurring specially).
I agree with the disposition but not with the condition precedent that the matter is of such great public interest as to justify entertaining it under Sec. 4(2) of Art. V of the Constitution.
NOTES
[1] Article V, § 4(2) provides in part:

"The supreme court may review by certiorari any decision of a district court of appeal * * * that passes upon a question certified by the district court of appeal to be of great public interest, * * *".
[2] Fla.App. 1959, 114 So.2d 469 and 115 So.2d 774.