FRANCES BOWMAN CLARK and GLEN C. CLARK, Appellants, v. THE HARTFORD ACCIDENT AND INDEMNITY CO., JOHN DAVID MARKWOOD and D. A. MARKWOOD, JR., appellants,

JOHN DAVID MARKWOOD and D. A. MARKWOOD, JR., Appellants, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellees.
—457 S.W.2d 35.

Western Section. April 17, 1970.

Certiorari Denied by Supreme Court August 3, 1970.

598

Thomas E. Mitchell, Johnson City, for appellants Clark.

Alfred W. Taylor, and Epps, Powell, Weller, Taylor & Miller, Johnson City, for appellants Markwood.

J. Paul Coleman and Dick L. Johnson, and Simmonds, Herndon, Fortune, Johnson & Coleman, Johnson City, for appellees Hartford Accident & Indemnity Co.

MATHERNE, J. This is a suit in equity against an insurance company to collect a judgment in excess of the limits of an automobile liability policy issued by the company to the judgment debtor.

The lawsuits out of which the judgments arose grew out of an automobile collision wherein Frances Bowman Clark sued for personal injuries; her daughter Virginia Clark sued for personal injuries; and her husband Glen G. Clark sued for property damage to his automobile and medical expenses incurred due to the injuries received by his wife and daughter. The defendants in

these suits were the driver of the other automobile, John David Markwood, and his father D. A. Markwood, Jr., the insured who owned the automobile.

The above lawsuits resulted in verdicts and judgments, not appealed from, in favor of Frances Bowman Clark for personal injuries in the amount of $40,000.00; in favor of Virginia Clark for personal injuries in the amount of $2,500.00; and in favor of Glen G. Clark for property damage in the amount of $500.00, plus $550.00 medical expenses for his daughter Virginia Clark, and $3,950.00 medical expenses for his wife Frances Bowman Clark.

The automobile liability policy issued by the defendant company to D. A. Markwood, Jr. provided coverage of $10,000.00 for injuries or death to one person; $20,000.00 for injuries or death involved in any one accident, and $500.00 for property damage.

After judgment in the Circuit Court the defendant company paid the maximum liability of $10,000.00 on the Frances Bowman Clark judgment, leaving $30,000.00 not paid; paid in full the judgment of Virginia Clark in the amount of $2,500.00; paid on the Glen G. Clark judgment the $500.00 property damage in full, and the $550.00 medical expense for the daughter Virginia Clark in full, leaving unpaid the $3,950.00 medical expense for Frances Bowman Clark. Executions were issued on these unpaid judgments against the defendants Markwood and were returned nulla bona.

Frances Bowman Clark and Glen G. Clark, the two unsatisfied judgment creditors, filed the present suit in Chancery against John David Markwood and D. A. Mark-

wood, Jr., the judgment debtors, and Hartford Accident and Indemnity Compay, the insurer of the judgment debtors, to recover the $33,950.00 not paid on the two judgments. The thrust of the present suit is that the defendant company is guilty of bad faith and negligence in failing to settle the claims of the complainants within the limits of the policy.

The original bill avers the complainants have the right to be subrogated and stand in the place and stead of John David Markwood and D. A. Markwood, Jr., the judgment debtors made defendants to the original bill, as against the defendant insurance company. The complainants pray: "* * * 2nd. That complainants have and recover from the defendant, Hartford Accident and Indemnity Company, the amount of the judgments they obtained in the Circuit Court at Jonesboro, Tennessee, together with interest from the time such judgments were entered."

The defendants D. A. Markwood, Jr. and John David Markwood, the insured under the policy, filed an answer and cross-bill, naming only their co-defendant, Hartford Accident and Indemnity Company, as defendant to the cross-bill. These defendants alleged by answer they requested the insurer to settle the claims within the $20,-000.00 limit for any one accident; that they were rarely informed as to the progress of the negotiations; they were led to believe the suits would be settled; and they asked the insurer to settle the claims at the $20,000.00 offer of settlement made by the claimants in the Circuit Court approximately five (5) minutes before the jury returned its verdict.

By way of cross-bill and amended cross-bill the defendants Markwood allege:

"That they now have an unsatisfied judgment of $33,-950.00 handing over their heads and which judgment is accruing interest at the rate of 6% per annum. That this judgment is a cloud upon their lives, whatever properties they might acquire, and upon their estates. By reason of said judgment being outstanding these cross-complainants are unable to live happy, normal lives as they are entitled to. They verily believe that if they are in anywise liable for said judgments unpaid that they should be permitted to require the Hartford Accident and Indemnity Company to pay said judgments for them and, therefore, the reason for assuming the roll of cross-complainants."

\* \* \* \* \* \*

"They allege in accordance with recent case law and recent statutory law of the State of Tennessee that the defendant, Hartford Accident and Indemnity Company was negligent and guilty of bad faith in failing to settle the cases against them by Frances Bowman Clark and Glen G. Clark, both before the jury verdict as well as thereafter."

The Chancellor heard the cause on the merits and dismissed the suit. The complainants and cross-complainants appeal to this Court assigning this action of the Chancellor as error.

It is well established that an insurer having exclusive control over the investigation and settlement of a claim may be held liable to its insured for an amount in excess of the policy limits if as a result of bad faith it fails to effect a settlement within the policy limits. State Automobile Insurance Company of Columbus, Ohio v. Rowland (1968) 221 Tenn. 421, 427 S.W.2d 30, and cases

therein cited. This right to so recover is based on an action sounding in tort for the breach of the duty owing by the insurer to the insured of exercising good faith and diligence in protecting the interests of the insured. The duty arises not so much under the terms of the contract but is said to arise because of the contract and to flow from it. Southern Fire and Casualty Company v. Norris (1952) 35 Tenn.App. 657, 250 S.W.2d 785.

In this State a judgment creditor of an insured, alleging bad faith and negligence on the part of the insurer in refusing to settle within the insured's policy limits, cannot sue the insurer for excess judgment over the policy limits. Dillingham v. Tri-State Insurance Company (1964) 214 Tenn. 592, 381 S.W.2d 914. The Court in that case held such a suit was an action ex delicto, citing, Carne v. Maryland Casualty Company (1961) 208 Tenn. 403, 346 S.W.2d 259, and the insurer owed no duty to the judgment creditor of the insured, the breach of which could have caused any damage to the judgment creditor.

In the case at bar the judgment creditors Clark sued the insurer *and* the insured Markwood; prayed no relief against the insured, and sought judgment against the insurer based upon the alleged breach of duty owed to the insured. Clearly under the *Dillingham* rule the complainants could not sue the insurer. Making the insured a co-defendant with the insurer could not better the complainants' position as against the insurer, because the suit is still based on a breach of duty owed by the insurer to the insured, and is not based on a breach of duty owed to the complainants by the insured or the insurer. We hold under the *Dillingham* rule the present action improperly brought.

In this suit the insured filed an answer and cross-bill and made only the insurer defendant thereto. The Chancellor held this corrected any error committed by the complainants in that the insured clearly had a right of action against the insurer, and treated the suit as on the cross-bill for the benefit of the original complainants. The insurer Hartford, appellee before this Court, cites this action of the Chancellor as error and seeks dismissal of the suit on this ground should the appellants otherwise prevail in this Court.

We agree with the Chancellor that in this suit, the hearing having been had on the merits, the parties did present all proof which appears available, and no party was denied a matter of complaint or defense. And, in that we agree with the Chancellor on the merits of the suit, we will not have to pass upon the assignment as made by the defendant insurance company. Under the assignments before this Court we will treat the issues as properly formed in the Chancery Court and review the lawsuit on the merits.

It must be noted the issue at bar deals only with the duty owed to the insured to settle the claim of Mrs. Frances Bowman Clark. The suit of her husband for medical expenses incurred due to her injuries is derived from her cause of action and claim against the tortfeasor. All other judgments have been paid by the insurer.

The accident in which Mrs. Clark was injured occurred on June 12, 1965. On January 27, 1966 the attorney for the plaintiffs wrote defendant's attorney and made the following demands for settlement: Mrs. Clark $50,000.00, Mr. Clark for medical expenses and loss of services $10,000; Virginia Clark $3,500.

Defendant's counsel answered by letter dated February 5, 1966 and offered $10,000.00 for the claim of Mrs. Clark and the claim of Mr. Clark based on his loss of services and medical expenses relating to Mrs. Clark. This letter advised the plaintiffs' attorney that $10,000.00 was the limit of the policy for all claims growing out of personal injury to Mrs. Clark. The preponderance of the evidence is the defendant's attorney on several occasions renewed the offer of $10,000.00 for all claims arising by or through Mrs. Clark. These offers were repeatedly refused by the plaintiffs' attorney. The record does not sustain the insistence of the insured that they were not advised or were misled as to the offers to settle the company's offer of the limit of the policy.

After the jury had retired to consider its verdict in the Circuit Court, the attorney for plaintiffs told defendant's attorney the plaintiffs would settle all claims for the total sum of $20,000.00. Defendant's attorney, after talking with some official of defendant company, told plaintiffs' attorney the company would pay $12,750.00 for settlement of all claims of all plaintiffs. At this point the defendant's attorney again offered $10,000.00 for all claims arising through Mrs. Clark's injuries, and offered to further negotiate on the claims arising through Virginia Clark's injuries. Plaintiffs' attorney stated their only offer to settle was $20,000.00 for all claims. At that time the jury returned into court and announced the verdict heretofore noted. The insured had knowledge of these negotiations.

The record reveals the plaintiff Mrs. Clark through her attorney during the investigation of the claim, negotiation with defendant, preparation for trial and during the trial had never offered to settle claim arising by and

through her personal injuries for a sum other than $50,000.00. It was only after the jury had retired that the offer to settle was changed in any way, and then the offer was to settle the claim of all plaintiffs for $20,000.00.

Under the terms of the policy $10,000.00 was the maximum amount for which the company was liable for all claims arising by virtue of personal injuries to Mrs. Clark, including her claim for personal injury and her husband's claim for loss of services and medical expenses due to her personal injuries. At no time did Mrs. Clark or her husband offer to settle these claims for $10,000.00 but to the contrary they refused the company's offer to pay this amount in settlement.

 The offer to settle the claims of all plaintiffs for the sum of $20,000.00 was not an offer to settle Mrs. Clark's claim within the limits of the policy under the facts of this case. The $20,000.00 limit of liability for all claims for bodily injury in each occurrence does not set up a trust fund in that amount which the various injured plaintiffs may divide as they deem expedient. The $10,000.00 limit to each person controls. Standard Accident Ins. Co. v. Winget, 9 Cir., 197 F.2d 97.

 The fact plaintiffs' attorney thought the coverage was at a higher limit does not constitute bad faith on the part of the insurer by its offer of the limit. And, when the plaintiffs' attorney attempted to transfer a portion of the $10,000.00 coverage available for the claims by or through Virginia Clark to the claims of Frances Bowman Clark by offering to settle all claims for $20,000.00, a refusal of that offer to settle does not constitute bad faith on the part of the insurer in its attempt to settle the claims growing out of the injuries sustained by Frances

Bowman Clark. Under the facts of this case the only way bad faith could be imputed to the defendant company would be to hold it acted in bad faith in not offering Frances Bowman Clark a portion of the $10,000.00 available for Virginia Clark. Of course that insistence cannot be made.

In that all judgments growing out of the bodily injuries to Virginia Clark were paid by the company, and also the property damage judgment in favor of Glen G. Clark, it results there is no basis whatever to claim bad faith on the part of the company in failing to settle the claims growing out of the personal injuries sustained by Frances Bowman Clark when it is uncontradicted the defendant repeatedly offered the $10,000.00 maximum limit under the policy from a time within a few days after first demand to within five minutes of the jury verdict.

It results all Assignments of Error are overruled and the Decree of the Chancellor dismissing this suit is sustained. Cost of the appeal is adjudged against the appellants, costs in the Chancery Court to remain as there adjudged.

Carney, P.J. (W.S.), and Parrott, J., concur.