**In re Darron WHITE, and Terri White, Debtors.**

**Gary B. FENIMORE, Plaintiff,**

v.

**Darron WHITE, and Terri White, Defendants.**

Bankruptcy No. 91–3585–BH.

Adv. No. 92–1274.

United States Bankruptcy Court, W.D. Oklahoma.

Dec. 8, 1992.

---

Sally Gilbert of King, Roberts & Beeler, Oklahoma City, OK, for debtors/defendants.

Charles R. Rouse, Oklahoma City, OK, for plaintiff.

### ORDER DISMISSING COMPLAINT

RICHARD L. BOHANON, Chief Judge.

Plaintiff seeks reopening of this case and a determination that a debt is nondischargeable, in order to attempt recovery of pre-petition tort damages from debtors' pre-petition liability insurance carrier. Defendants object, on the basis that their insurance carrier is not liable because any debt owed plaintiff for tort damages has been discharged.

Plaintiff apparently was shot and injured by a third party at debtors' home. Subsequent to the shooting, debtors' filed their petition in bankruptcy. They listed plaintiff's unliquidated claim in their schedules, and the claim was discussed at the meeting of creditors. Debtors received a general discharge. Plaintiff, however, never filed a proof of claim in the case, nor requested relief from the stay in order to proceed against debtors in state court.

Approximately six months after the discharge was entered plaintiff filed suit in an Oklahoma county district court, and shortly thereafter filed this complaint.

This court has broad discretion to reopen cases to administer assets of the estate or for cause. *See* 11 U.S.C. § 350(b). However, plaintiff in this instance has failed to show that any assets of the estate are to be administered or that reopening will afford him any relief.

He argues that all insurance proceeds are property of the estate, and further, that reopening the case will allow him to establish that his debt is nondischargeable. The authority he cites in support of his first contention is inapposite in this case because he has not established that proceeds even exist. He provides no basis or

authority in support of his second contention.

■ As regards his first contention, plaintiff must show that the insurer was liable to the debtors pre-petition under the policy at issue in order for any proceeds to possibly be property of the estate. 11 U.S.C. § 541(a); 8 Appleman, *Insurance Law and Practice* § 4811 (1981).

■ In order to determine whether an insurer may be liable one must determine the type of policy at issue. If the policy is one for liability, the insurer becomes liable when liability attaches to the insured. 6B Appleman, *Insurance Law and Practice* § 4261 (1981). If the policy is one for indemnity, the insurer becomes liable only after the insured has paid on the judgment. *Ibid.* The policy in this case is one for liability, because it provides that the insurer will pay when the insured is "legally liable."

■ An injured party generally cannot sue an insurer directly under a liability policy until after establishing the liability of the insured. *See Eckels v. Traverse*, 362 P.2d 683 (Okla.1961); *Tri–State Casualty Ins. Co. v. Stekoll*, 201 Okl. 548, 208 P.2d 545 (1949). To establish this liability, the injured party must show, through a judgment, that the insured is liable for damages. *See* 15 O.S. § 426; *Culie v. Arnett*, 765 P.2d 1203 (Okla.1988); *Eckels v. Traverse*, supra.

■ Pursuant to this analysis, plaintiff must establish debtors' liability through a judgment in order for the insurer to become liable to pay it. He currently does not hold such a judgment and may not proceed to sue debtors at this time due to the permanent injunction under § 524(a)(2). Therefore, due to his failure to prosecute a suit against debtors prior to the discharge, plaintiff must now establish that his debt was excepted from the discharge in order to proceed to acquire the necessary judgment.

■ Plaintiff has failed to show that any exception from discharge exists to which he is, or may be, entitled. I therefore must find that debtors were discharged from any liability for plaintiff's claim pursuant to § 727(b) because the claim was not excepted from discharge under any provision in § 523.

Further, because the debt has been discharged, plaintiff cannot acquire judgment against debtors and thus the insurer is not liable under the law and there are no proceeds to become property of the estate.

Accordingly, the motion to reopen is denied and this complaint is dismissed with prejudice to its refiling.