**In re Lewis John LUNDBERG, a/k/a Jack Lundberg, SSN 332–32–3904, Debtor.**

**Bankruptcy No. 92–70861.**

United States Bankruptcy Court, E.D. Oklahoma.

March 12, 1993.

---

Lloyd E. Cole, Stilwell, OK, for debtors.

Colbert & Associates, Oklahoma City, OK, Walt, Dyer and James, Memphis, TN, for Resolution Trust Corp. as Receiver, for Germantown Trust Sav. Bank:

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On this 12th day of March, 1993, the Motion to Reopen Case filed December 4, 1992 by the Resolution Trust Corporation as Receiver for Germantown Trust Savings Bank ("RTC") (Docket Entry No. 9) with Objections thereto filed December 17, 1992 by the Debtor (Docket Entry No. 11); the Motion to Vacate Injunction Imposed by 11 U.S.C. § 524 filed by RTC on December 4, 1992 (Docket Entry No. 8) and the Debtor's Objections thereto filed December 17, 1992 (Docket Entry No. 12) came before this Court for consideration.

A hearing was conducted on this matter on January 6, 1993. At the hearing, a determination was made that the issue at hand was legal in nature and therefore this Court afforded the parties an opportunity to file Memorandum Briefs. Said Briefs were timely filed by both the RTC and the Debtor on February 5, 1993 (Docket Entry Nos. 17 and 16).

Based upon an examination of these pleadings and the existing authority on the issue at hand, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

## STATEMENT OF ISSUE

The issue raised by the pleadings is whether this case should be reopened to permit the RTC to modify the post-discharge injunction prohibiting actions against the Debtor to determine the Debtor's liability in an action pending in Federal District Court for the sole purpose of seeking recovery from the Debtor's liability insurance policy.

## FINDINGS OF FACT

The following facts are deemed to be uncontested considering that they were

raised in the pleadings without dispute by either party, to-wit:

1. An action was commenced by the RTC in the United States District Court for the Western District of Tennessee on March 5, 1992 against former officers and directors of Germantown Trust Savings Bank, alleging breach of contract, breach of fiduciary duty, gross negligence, negligence and negligence per se ostensibly committed in connection with serving as the officers and directors of the subject Bank. Included among the Defendants was the Debtor.

2. The Debtor was insured by a liability insurance policy which covered his actions performed as an officer of the subject Bank. The insurance policy insures against all loss which the insured/Debtor "shall become legally obligated to pay."

3. On July 17, 1992, the Debtor commenced this Chapter 7 case by filing an appropriate Petition. The Trustee filed a Report of No Distribution on August 24, 1992, demonstrating that no assets existed in the estate for the benefit of creditors and the Debtor was subsequently discharged on October 19, 1992. The case was then closed on October 19, 1992 by the Clerk of the Court.

4. No action, either objecting to the Debtor's Discharge pursuant to 11 U.S.C. § 727 or to the dischargeability of a particular debt pursuant to 11 U.S.C. § 523, was filed by RTC or any other creditor within the time prescribed by the Federal Rules of Bankruptcy Procedure.

5. RTC was listed in the Debtor's schedules as holding an unsecured, nonpriority, contingent and disputed debt in the amount of $11,099,000.00. RTC received notice of the pendency of the Debtor's bankruptcy case.

### CONCLUSIONS OF LAW

■ A. The Bankruptcy Code certainly provides for the reopening of a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The reopening of a closed case, however, is within the sound discretion of the Bankruptcy Court. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326–327 (4th Cir.1984).

RTC seeks the reopening of this case for the purpose of modifying the injunction imposed post-discharge against the commencement or continuation of any action against the Debtor on any debt that has been discharged in bankruptcy pursuant to 11 U.S.C. § 524(a). The sole stated purpose for this modification is to permit RTC to proceed with its Federal District Court action and determine the liability of the Debtor such that recovery can be made against the Debtor's liability insurance carrier.

■ The insurance policy was ostensibly formulated in the state of Tennessee. Additionally, the action pending in the United States District Court initiated by the RTC was brought in Tennessee. A direct action against an insurer on a liability policy is not permitted under Tennessee law. *Dillingham v. Tri–State Insurance Co., Inc.*, 214 Tenn. 592, 381 S.W.2d 914 (1964); *Clark v. Hartford Accident & Indemnity Co.*, 61 Tenn.App. 596, 457 S.W.2d 35 (1970). Since this is the case, the liability of the insured must be determined prior to recovery against the insurer on the liability policy. Under a liability policy, recovery is obtained through an appropriate garnishment against the insurer. The insurer only then becomes liable when personal liability attaches to the insured.

■ Under the policy at issue in this case, the insurer will only be obligated to pay on the policy when the insured debtor is deemed to be "legally liable for damages." Considering that the Debtor in this case has been discharged and no action was commenced prior to the discharge to determine the dischargeability of any debt which may or may not have arisen from the Debtor's actions as an officer and director of the failed lending institution, the Debtor can never become legally liable for this debt. 11 U.S.C. § 524(a)(2). *White v. White*, 148 B.R. 330 (Bankr. W.D.Okla.1992).

■ B. The doctrine of laches is also most applicable in this case due to the failure of the RTC to act timely within the course of the bankruptcy case. Having received notice of the case, RTC could not idly sit by and await the conclusion of the case without acting to have this Court determine the dischargeability of the particular debt. RTC also failed to modify the automatic stay or otherwise participate in this Court during the course of the bankruptcy case. To permit RTC to do so now would be to permit a creditor to rest on his rights and obligations without even recognizing the existence of the bankruptcy case. This we shall not permit.

C. We recognize the existence of case law stating that § 524(e) permits a determination of the liability of the Debtor for recovery against the Debtor's insurer. See, e.g., *In re Walker*, 927 F.2d 1138 (10th Cir.1991); *In re Jet Florida Systems*, 883 F.2d 970 (11th Cir.1989). This section of the Bankruptcy Code provides that "... [the] discharge of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

The case law interpreting this section finds that the naming of a debtor in a lawsuit for the purpose of determining the liability of the insurer is permitted under the § 524(e) exception since the debtor's personal liability is all that is discharged under § 727 and enjoined under § 524.

■ However, the legislative history certainly does not bear out this reasoning. The provision at § 524(e) was inserted into the Code to clarify that "the discharge of the debtor does not affect co-debtors or guarantors." S.Rep. No. 989, 95th Cong., 2nd Sess. 81 (1978). Co-debtors and guarantors are charged with the primary liability of a debt along with the maker of the obligation and may be sued under a direct action to recover on that particular debt. A liability insurer, on the other hand, is only liable if the insured is deemed to be liable. Therefore, it would appear that the application of § 524(e) is inappropriate under the circumstances. These same cases make a distinction between personal liability and a determination of liability simply for the purpose of permitting recovery from the insurer. We find no persuasive or defendable difference between personal and any other type of liability. The discharge granted in bankruptcy "discharges the debtor from *all debts* that arose before the date of the order for relief ... and any *liability on a claim* that is determined under Section 522 ... " 11 U.S.C. § 727(b). A "debt" is simply "liability on a claim." 11 U.S.C. § 101(12). Under this definition and the broad language of the discharge, no distinction is made between "personal liability" and any other type. Any attempt to do so is not founded in the strict language of the Bankruptcy Code.

■ Based upon these conclusions, we find that RTC is not permitted by the mandates of the United States Bankruptcy Code to proceed against the insured Debtor to determine his liability, personal or otherwise, nor against the insurer to recover on that discharged liability. Therefore, the reopening of this case is not warranted by the law or the circumstances.

IT IS THEREFORE ORDERED that the Motion to Reopen Case filed December 4, 1992 by the Resolution Trust Corporation as Receiver for Germantown Trust Savings Bank (Docket Entry No. 9) is hereby denied.

IT IS FURTHER ORDERED that the Motion to Vacate Injunction Imposed by 11 U.S.C. § 524 filed by RTC on December 4, 1992 (Docket Entry No. 8) is deemed moot by the ruling contained in this Order.