**PORTER MEMORIAL HOSPITAL,**
**Appellant–Plaintiff,**

v.

**Henry WOZNIAK, Jr., Appellee–**
**Defendant.**

**No. 64A03–9612–CV–457.**

Court of Appeals of Indiana.

June 16, 1997.

Joseph O'Connor, Hammond, for Appellant–Plaintiff.

Brian J. Hurley, Douglas, Alexa, Koeppen & Hurley, Valparaiso, for Appellee–Defendant.

## OPINION

GARRARD, Judge.

Porter Memorial Hospital ("Hospital") appeals the trial court's grant of summary judgment in favor of Henry Wozniak, Jr. ("Wozniak"), claiming that the trial court erred by finding that Wozniak was not liable for debt incurred by his wife Janice Wozniak ("Janice") and by denying the Hospital's motion for summary judgment.

We reverse and remand with instructions.

## FACTS

On April 7, 1993, Janice was admitted into the Intensive Care Unit of the Hospital. Prior to Janice's admittance, Wozniak signed the Hospital's Consent to Services Form because Janice was unable to sign the form. Because he was not asked by the Hospital, Wozniak did not sign separately as a guarantor of his wife's medical expenses. Janice's ten day hospital stay resulted in a bill of $44,301.12. On December 7, 1993, Janice filed for Chapter 7 bankruptcy and was discharged from bankruptcy on May 6, 1994, without paying her hospital bill.

The Hospital filed suit against Wozniak on November 21, 1995, to collect on Janice's hospital bill. On June 26, 1996, the Hospital filed a motion for summary judgment arguing that Wozniak was responsible for Janice's medical expenses under the doctrine of necessaries. Wozniak responded to this motion for summary judgment with a cross-motion for summary judgment on July 26, 1996. In his cross-motion, Wozniak claimed that the debt to the Hospital had been extinguished by his wife's discharge from bankruptcy. On August 21, 1996, the trial court granted Wozniak's cross-motion for summary judgment. In its order, the trial court reasoned that pursuant to *In re Lundberg,* 152 B.R. 316 (Bankr.E.D.Okla.1993), Janice's debt had been extinguished by her discharge from bankruptcy and, thus, there was no debt for which Wozniak could be secondarily liable under the doctrine of necessaries. The Hospital appeals this decision.

## ISSUES

The Hospital raises two issues on appeal which we consolidate and restate as:

I. Whether the trial court erred by ruling that Wozniak was not liable under the doctrine of necessaries.

## DISCUSSION

In our review of the trial court's grant of Wozniak's cross-motion for summary judg-

ment and denial of the Hospital's motion for summary judgment, we stand in the same shoes as the trial court. *DeBaets v. National Educ. Association—South Bend*, 657 N.E.2d 1236, 1238 (Ind.Ct.App.1995), *trans. denied.* Summary judgment is only appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." IND.TRIAL RULE 56(C). We will neither reweigh the evidence nor judge the credibility of witnesses, but will view the facts in the light most favorable to the nonmoving party. *DeBaets*, 657 N.E.2d at 1238. Though specific findings of fact are helpful, they are not binding on this court. *Id.* With this standard of review in mind, we turn to the Hospital's claims.

The Hospital argues that the trial court erred when it ruled that Janice's discharge from bankruptcy extinguished her debt to the Hospital and, therefore, the trial court should have found Wozniak liable under the doctrine of necessaries and granted the Hospital's motion for summary judgment. Wozniak claims that the discharge of his wife from bankruptcy extinguished her debt to the Hospital and, therefore, there was no debt upon which to predicate his secondary liability under the doctrine of necessaries. We agree with the Hospital.

In its order granting Wozniak's cross-motion for summary judgment, the trial court relied upon *In re Lundberg*, 152 B.R. 316 (Bankr.E.D.Okla.1993).[1] *Lundberg* involved a creditor's attempt to reopen bankruptcy proceedings in order to obtain a judgment finding the debtor, Lundberg, negligent. The creditor did this because under Tennessee law at that time, the creditor was required to first obtain a judgment of liability against the insured before the creditor could sue the insurer. The *Lundberg* court ruled that because Lundberg's liability had not already been established, the insurer could not be deemed liable. In the present case, the trial court stated that because Janice's debt had been discharged through bankruptcy proceedings, the debt was no longer owed by

Janice. Essentially, the trial court ruled that the bankruptcy proceedings extinguished the debt and, therefore, like the insurer in *Lundberg*, Wozniak was not liable.

■ We hold that the trial court erred by ruling that Janice's debt was extinguished after her discharge from bankruptcy and find the trial court's reliance on *Lundberg* erroneous. We first note that *Lundberg* is clearly distinguishable. In *Lundberg*, the insurer's liability was not extinguished by Lundberg's bankruptcy; the insurer was not liable because Lundberg's liability had not been established. Unlike *Lundberg*, Janice's debt to the Hospital was created before she filed for bankruptcy protection, not after. *Lundberg* stands for the rule that a bankruptcy proceeding need not be reopened to allow a creditor to obtain a judgment against the debtor in order to then pursue a separate suit against the debtor's insurance carrier. The Hospital is not attempting to reopen a bankruptcy proceeding to establish Janice's liability; it is attempting to collect a pre-existing debt from Wozniak. *Lundberg* is inapplicable to the present facts.

■ The trial court also erred by ruling that "as a matter of law, the debt was discharged in bankruptcy and therefore no longer owed by Defendant's spouse." R. 61. "[W]e note that a discharge does not cancel the obligation; the obligation still exists. A discharge merely disables the creditor from enforcing its claim." *Wagner v. United States*, 573 F.2d 447, 453 (7th Cir.1978); *see also Meyer v. Hammes*, 187 B.R. 281 (S.D.Ind.1995). Upon her discharge from bankruptcy, the debt for Janice's medical expenses still existed; the Hospital was simply enjoined from recovering this debt from Janice. The trial court erred by finding that the debt, itself, was discharged and by granting Wozniak's cross-motion for summary judgment on this basis.

Even though the court erred by granting Wozniak's cross-motion for summary judgment, we must still determine whether the trial court erred by denying the Hospital's motion for summary judgment. The Hospi-

---

1. In his brief, Wozniak also relies on *In re White*, 148 B.R. 330 (Bankr.W.D.Okla.1992) to support the trial court's judgment. Because the operative facts in *White* are nearly identical to those in

*Lundberg* and our holding applies equally to *White*, we will, for convenience's sake, simply discuss *Lundberg*.

tal argues that Wozniak is liable for Janice's entire debt under the doctrine of necessaries. In his brief, Wozniak does not discuss the doctrine of necessaries, relying instead on his argument that he could not be liable on a debt that had been extinguished.

The doctrine of necessaries originated at a time in which married women had been stripped of virtually all means of self-support by their incapacity to contract. *Bartrom v. Adjustment Bureau, Inc.,* 618 N.E.2d 1, 3 (Ind.1993). During this time, married women were dependent on their husbands, who had a common law duty to support their wives. *Id.* The doctrine of necessaries was developed to protect women whose husbands, despite their common law duty, failed to provide necessary support. Under the doctrine of necessaries, women were able to purchase necessary goods and services on their husband's credit, making the husband liable. *Id.* After women were given the legal ability to contract in their own name, the doctrine was infrequently invoked, but it did not die. In *Memorial Hosp. v. Hahaj,* 430 N.E.2d 412 (Ind.Ct.App.1982), we ruled that the doctrine of necessaries should be applied in a gender-neutral way to apply to debts created by both wives and husbands. Because of disagreement about the continued vitality of the doctrine among several states and concern over *Memorial Hospital,* our supreme court in *Bartrom v. Adjustment Bureau, Inc.,* 618 N.E.2d 1 (Ind.1993), clarified how the doctrine of necessaries was to operate in Indiana. The court held:

> Each spouse is primarily liable for his or her independent debts. Typically, a creditor may look to a non-contracting spouse for satisfaction of the debts of the other only if the non-contracting spouse has otherwise agreed to contractual liability or can be said to have authorized the debt by implication under the laws of agency. When, however, there is a shortfall between a dependent spouse's necessary expenses and separate funds, the law will impose secondary liability upon the financially superior spouse by means of the doctrine of necessaries. We characterize the liability as 'limited' because its outer boundaries are marked by the financially superior spouse's ability to pay at the time the debt was incurred.

*Id.* at 8. Because Wozniak did not agree to be primarily liable for Janice's medical expense, we must determine whether he is secondarily liable under the doctrine of necessaries.

 Initially, we note that Janice's discharge from bankruptcy before the Hospital collected her hospital bill implies that there was "a shortfall between a dependent spouse's necessary expenses and separate funds . . . ." *Id.* For Wozniak to be secondarily liable under the doctrine of necessaries, Janice's medical expenses must, therefore, fall within the definition of "necessary expenses." "Medically necessary expenses have been characterized as 'necessaries' within the spirit of the doctrine." *Landmark Medical Center v. Gauthier,* 635 A.2d 1145, 1150 (R.I.1994); *see also,* JAMES SCHOULER, A TREATISE ON THE LAW OF MARRIAGE, DIVORCE, SEPARATION AND DOMESTIC RELATIONS (6th ed.1921). It appears from the record that Janice spent ten days in the coronary unit of the intensive care department and at the time she was admitted, she was unable to sign the consent to services form herself. The expenses Janice incurred while a patient of the Hospital certainly appear medically necessary and, therefore, "necessaries" under the doctrine of necessaries. *Landmark,* 635 A.2d at 1150. Because there was a shortfall between Janice's expenses and funds caused by her bankruptcy, Wozniak is potentially secondarily liable for the medical expenses under the doctrine of necessaries. Because a factual question as to the extent of Wozniak's liability still exists, we decline to order the trial court to enter summary judgment in favor of the Hospital, as the Hospital urges.

Accordingly, we reverse summary judgment in favor of Wozniak and remand to the trial court for further proceedings consistent with this opinion, including a determination, as set forth in *Bartrom,* of Wozniak's ability to pay at the time the debt was incurred. *See Bartrom,* 618 N.E.2d at 8.

Reversed and remanded.

HOFFMAN and DARDEN, JJ., concur.