Nick **PETERSON** and Patricia Peterson, Appellants–Defendants,

v.

Robert **PONDA** and Karen Ponda, Appellees–Plaintiffs.

No. 37A04–0712–CV–689.

Court of Appeals of Indiana.

Sept. 24, 2008.

---

George T. Patton, Jr., Curtis T. Jones, Bose McKinney & Evans LLP, Indianapolis, Scott P. Sullivan, Noel, Sullivan, Kokomo, IN, Attorneys for Appellants.

Kenneth B. Elwood, Michael T. Rees, Rhame & Elwood, Gregory Sarkisian, Sarkisian & Fleming, Portage, IN, Attorneys for Appellees.

## OPINION

CRONE, Judge.

Nick Peterson and Patricia Peterson (collectively, "the Petersons") appeal from the trial court's denial of their motion for summary judgment. We affirm.

The facts most favorable to Robert and Karen Ponda (collectively, "the Pondas") as the nonmoving parties are as follows. The Petersons, a married couple, own a residential property on U.S. Highway 231

in Rensselaer. In July 2002, the Petersons began supervising construction of their new home on this property. They lived in a mobile home on the property and served as general contractors on the home-building project. Patricia had previously worked in a general contractor's office, and Nick was a union ironworker.

The Petersons subcontracted various construction jobs to independent contractors. They also hired several employees to assist in the construction of the home. Nick worked at the job site each day. Patricia was present on the job site each day and took photographs of the site at each phase of construction.

John Skomac, Nick's co-worker and friend, volunteered on the construction project during the summer of 2002. At some point, the Petersons agreed to pay Skomac $12.00 per hour for his work on the home. In early 2003, Skomac informed his friend and co-worker, Robert, that the Petersons needed another worker to help install sheeting on the roof of the new home. Robert had experience in sheet metal work. Robert and the Petersons then agreed that Robert would work on the Petersons' home for $10.00 per hour.

Robert worked on the home for eight hours on each of the following days in 2003: January 21, 22, 23, 24, and 25. During that time, Robert sheeted part of the roof, installed insulation board, and worked on the basement. The Petersons supplied Robert with all the necessary materials and tools, but Robert chose to use his own tools.

On January 28, 2003, Robert and Skomac arrived at the jobsite at approximately 8:00 a.m. Patricia made them breakfast, and Nick instructed them to sheet the roof on the other side of the house from where they had been working previously. No scaffolding was set up for this area of the roof. Skomac refused to get on the roof because there was ice and snow on it. Skomac suggested that he and Robert move the scaffolding and nail down a cleat prior to climbing on the roof. Robert stated that he would go on the roof without these safety measures. Once Robert got on the roof, Skomac attempted to hand him a two-by-six board to nail to the roof for the purpose of stopping any falls. Robert refused to use the board. Shortly thereafter, he fell from the roof and sustained injuries. Skomac later testified that Nick provided ladders, scaffolding, and cleat material at the jobsite and insisted that Skomac use these safety devices.

On May 8, 2003, the Pondas filed a complaint for damages against the Petersons. On July 7, 2003, the Petersons filed a motion to dismiss for lack of subject matter jurisdiction. The Petersons contended that Robert was their employee at the time of the accident and that therefore his remedy was limited to that provided by the Indiana Worker's Compensation Act. On March 26, 2004, the Pondas filed a response to the Petersons' motion to dismiss, claiming that Robert had been working for the Petersons as an independent contractor. On June 11, 2004, the trial court held a hearing on the motion to dismiss. On June 24, 2004, the trial court denied the motion to dismiss, stating that the "evidence is conflicting regarding the verbal agreements or understanding of these parties, the skill or lack thereof of the Plaintiff, Robert Ponda, and even the exact type of work he was expected to perform. These are questions for the trier of fact." Appellants' App. at 203.

On July 2, 2004, the Petersons filed a motion to reconsider and set aside the June 24, 2004, order. On August 2, 2004, the trial court granted the Petersons' motion to reconsider, expressing its agreement with the Petersons that it must spe-

cifically determine as a matter of law whether Robert was an employee or independent contractor at the time of the accident in order to resolve the jurisdictional question raised in the Petersons' motion to dismiss.

On November 5, 2004, the trial court issued an order stating in relevant part:

[T]he Court finds that the Plaintiff, Robert Ponda, was not an employee of the Defendants, Nick Peterson and Patricia Peterson, on the 28th day of January, 2003, at the time that he fell off the roof on the Defendants' home, and that instead, he was an independent contractor.

The Court therefore finds that the Defendants' Motion to Dismiss pursuant to Trial Rule 12(B) for Lack of Jurisdiction should be overruled and denied.

IT IS THEREFORE ORDERED AND DECREED by the Court that the Defendants' Motion to Dismiss is hereby overruled and denied.

*Id.* at 224.

On March 30, 2007, the Petersons filed a motion for summary judgment. The Petersons argued that they were entitled to summary judgment because there was no genuine issue of material fact as to whether they had assumed a duty to provide Robert a safe workplace. On May 21, 2007, the Pondas filed a memorandum in opposition to summary judgment, arguing that there was a genuine issue of material fact because Robert had been under the direction and control of the Petersons at the time of the accident. On June 25, 2007, the Petersons filed a reply to the Pondas' memorandum in opposition to summary judgment, in which they contended that the Pondas were estopped from making the factual assertions regarding control that were necessary to defeat the Petersons' motion for summary judgment. On September 5, 2004, the trial court held a summary judgment hearing.

On November 1, 2007, the trial court issued an order denying the Petersons' motion for summary judgment that states in relevant part:

[U]nder Indiana law, an independent contractor may recover against a landowner or general contractor based upon factual determinations regarding the assumption of a duty based upon the acts of the landowner or general contractor.

Those factors as outlined by Indiana case law differ from the factors used in a threshold inquiry as to whether or not a person is an independent contractor or an employee.

The Court finds that a genuine issue of material fact exists as to whether the Defendants assumed a duty, and therefore the Defendants' Motion for Summary Judgment should be denied.

In denying the motion for summary judgment, the Court specifically rejects the argument set forth by both parties regarding judicial estoppel. The Plaintiffs and Defendants argued zealously over the threshold issue as to whether or not the Plaintiff was an employee or an independent contractor. The Plaintiffs do not seek to now claim that he is not an independent contractor, but that as an independent contractor he is entitled to recover for injuries against the Defendants. The Plaintiffs are not asserting a different position any more than the Defendants are asserting a different position when the Defendants argued that the Plaintiff was an employee supervised by the Defendants, which now they claim he was not.

*Id.* at 8. This interlocutory appeal ensued.

**Discussion and Decision**

The Petersons argue that the trial court erred in denying their motion for summary judgment. In our review of such a ruling,

we stand in the same shoes as the trial court. *Porter Memorial Hosp. v. Wozniak*, 680 N.E.2d 13, 14–15 (Ind.Ct.App. 1997). Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Ho v. Frye*, 880 N.E.2d 1192, 1197 (Ind.2008). We will neither reweigh the evidence nor judge the credibility of witnesses, and we must construe all facts and reasonable inferences drawn therefrom in favor of the nonmoving party. *Porter Memorial Hosp.*, 680 N.E.2d at 15. Though specific findings of fact are helpful to our analysis, they are not binding on this court. *Id.*

### I. Assumption of Duty to Provide Safe Work Environment

■ The Petersons' main argument is that because the trial court determined in a prior order that Robert was an independent contractor at the time of his injury, the trial court had no option other than to grant the Petersons' motion for summary judgment. In its order of November 5, 2004, the trial court explained the method through which it determined whether Robert was an employee or an independent contractor:

> In determining whether or not a person is an employee or an independent contractor, the Court of Appeals has substantially adopted the *Restatement of Agencies, 2nd Edition,* and the factors that the Court may consider are as follows:
>
> (a) The extent of control which a party exercises over the details of the work;
>
> (b) Whether or not the one employed is engaged in a distinct occupation or business;
>
> (c) The kind of occupation that is usually done under the direction of an employer;
>
> (d) The skill required to the particular occupation;
>
> (e) Whether the employer supplies the tools and place of work for the person doing the work;
>
> (f) The length of time for which the person is employed;
>
> (g) The method of payment, whether by the time or by the job;
>
> (h) Whether or not the work is part of the regular business of the employer;
>
> (i) Whether or not the parties believe that they are creating the relationship of master and servant; and,
>
> (j) Whether the principal is or is not in business.
>
> See *Expressway Dodge, Inc. v. McFarland,* 766 N.E.2d 26 (Ind.Ct.App.2002).
>
> . . . .
>
> In balancing these factors, the Court finds that the Plaintiff, Robert Ponda, was not an employee of the Defendants, Nick Peterson and Patricia Peterson, on the 28th day of January, 2003, at the time that he fell off the roof on the Defendants' home, and that instead, he was an independent contractor.
>
> The Court therefore finds that the Defendants' Motion to Dismiss Pursuant to Trial Rule 12(B) for Lack of Jurisdiction should be overruled and denied.

Appellants' App. at 222, 224.

On the issue of control, the trial court specifically stated:

> In regards to the Defendants' control of the Plaintiff, Robert Ponda, the Court finds that the Defendants did not control the Plaintiff, Robert Ponda, as to the days or hours he would work nor did they direct him as to the procedure to be used for sheeting the Defendants' home for reason that at least Vincent

Ponda had experience and expertise in sheeting a roof.

*Id.* at 222–23.

 The Petersons contend that the trial court was bound to grant their motion for summary judgment because of its prior finding that Robert was an independent contractor. In support of this contention, they cite the general rule that an owner of property has no duty to provide an independent contractor with a safe place to work. *See Robinson v. Kinnick,* 548 N.E.2d 1167 (Ind.Ct.App.1989), *trans. denied* (1990). They also note the exception to this rule, namely, that a duty of care may arise where one party assumes such a duty, either gratuitously or voluntarily. *Id.* As the Pondas point out, Indiana caselaw also states the following: "The assumption of a duty creates a special relationship between the parties and a corresponding duty to act in the manner of a reasonably prudent person. Whether a party has assumed a duty and the extent of that duty, if any, are questions for the trier of fact." *Id.* at 1168–69 (citations omitted).

The Petersons rely heavily on *Robinson,* a case in which the trial court granted the homeowners' motion for summary judgment because it found no genuine issue of material fact as to their lack of duty to provide a safe work environment. In *Robinson,* the Kinnicks hired Robinson as an independent contractor to perform roofing work on their home. One morning, Robinson climbed onto the roof, even though he noticed water, frost, and ice on the roof's surface. Robinson slipped on the ice, slid down the roof, and fell to the ground.

Robinson sued the Kinnicks to recover for his injuries, and the Kinnicks filed a motion for summary judgment, arguing that there was no genuine issue of material fact as to the issue of the Kinnicks' liabili-

ty. In summarizing the evidence, the trial court stated as follows:

Robinson points out . . . that the Kinnicks provided certain safety equipment to the independent contractors and had nailed two by four inch toeboards to the top of the roof where Robinson was working when he fell. These factors do not miraculously create a genuine issue of fact. It is true that various safety equipment was present at the job site. The Kinnicks, however, did not require that the independent contractors utilize the equipment but rather merely made it available for their use if they so chose. The Kinnicks did not maintain written rules requiring the safety equipment be used or conduct safety meetings advocating the use of the equipment. There is absolutely no evidence from which a reasonable jury could conclude that based upon his conduct the Kinnicks assumed a duty to provide Robinson with a safe place to work. With respect to the toeboards nailed on the roof, in the absence of any other evidence indicating the contrary, one or two instances of safety precautions taken by the defendant does not raise a jury question as to whether a duty was assumed. The trial court properly entered summary judgment in favor of the Kinnicks on this basis.

*Id.* at 1170.

The Petersons contend that, similar to the homeowners in *Robinson,* they did not appoint a safety director to supervise Robert as he worked on the roof, hold safety meetings, prescribe any safety precautions to be taken, or provide written safety rules to Robert. However, *Robinson* certainly does not formulate a bright-line test, and the Pondas cite several pieces of evidence that could be construed to support their claim that the Petersons did in fact assume a duty to provide Robert with a safe work-

place. For example, the Pondas note Skomac's testimony that Nick was "[l]ord and master" over Skomac and Robert's work. Appellants' App. at 111 (deposition of John Skomac (Nov. 21, 2003), p. 41, l. 17–20). The Petersons were present on the job site nearly every day. *Id.* at 111 (deposition of John Skomac (Nov. 21, 2003), p. 41, l. 10–20). Nick and Patricia made safety equipment available for the workers, including Ponda. *Id.* at 380 (deposition of Robert Ponda) p. 42–45. On the day of the accident, Nick directed Robert and Skomac to work on a specific portion of the roof on the opposite side of the house from where they had been working. *Id.* at 467 (deposition of John Skomac (Jan. 15, 2007), p. 71, lines 9–25 through p. 72, lines 1–3). There was no scaffolding set up on this side of the house. *Id.* at 602 (deposition of Patricia Peterson (Nov. 16, 2005), p. 147–48). Robert was the only independent contractor who did not bring safety equipment to the jobsite. *Id.* at 233 (deposition of Nick Peterson (Nov. 16, 2005), p. 17). Skomac testified that Nick was "pretty adamant about safety" on the job site. *Id.* at 464 (deposition of John Skomac (Jan. 15, 2007), p. 59, l. 10). In general, there is a wealth of conflicting testimony from the various parties and witnesses as to what went on at the jobsite prior to and on the day of the accident.

■ We agree with the Pondas that the trial court's determination that Robert was an independent contractor did not require the trial court to grant the Petersons' motion for summary judgment. Whether the Petersons assumed a duty to provide Robert with a safe work environment calls for a different analysis than was necessary for the independent contractor determination. In determining whether the Petersons assumed a duty of care in this case, the issue of control is relevant, but this time in the context of their "control or active[ ] supervis[ion of] safety at the job site." *Robinson,* 548 N.E.2d at 1169. When we consider the designated evidence and inferences therefrom in favor of the Pondas, as we must, we reach the conclusion that there is at least a genuine issue of fact as to whether the Petersons assumed a duty to provide a safe work environment for Ponda. In sum, the Petersons have failed to prove that they are entitled to judgment as a matter of law.[1]

## II. Premises Liability

■ The Petersons also argue that the trial court erred in failing to grant summary judgment in their favor on the Pondas' premises liability claim. In premises liability cases, the determination of whether a duty is owed depends primarily to whether or not the Plaintiff was an employee or an independent contractor. The Plaintiffs do not seek to now claim that he is not an independent contractor, but that as an independent contractor he is entitled to recover for injuries against the Defendants. The Plaintiffs are not asserting a different position any more than the Defendants are asserting a different position when the Defendants argued that the Plaintiff was an employee supervised by the Defendants, which now they claim he was not.

Appellants' App. at 9. We agree with the trial court and likewise find the Petersons' estoppel argument unpersuasive.

1. The Petersons also contend that the Pondas should be estopped from making arguments in response to the Petersons' motion for summary judgment that contradict arguments the Pondas previously asserted in response to the Petersons' motion to dismiss. Specifically, the Petersons reference the Pondas' arguments regarding the level of the Petersons' control over his work. In response to this estoppel argument, the trial court stated in its summary judgment order as follows:

In denying the motion for summary judgment, the Court specifically rejects the argument set forth by both parties regarding judicial estoppel. The Plaintiffs and Defendants argued zealously over the threshold issue as

upon whether the defendant was in control of the premises when the accident occurred. *Cox v. Stoughton Trailers, Inc.,* 837 N.E.2d 1075, 1081 (Ind.Ct.App.2005). "The purpose of the law is to subject to liability the person who could have known of any dangers on the land and therefore could have acted to prevent any foreseeable harm." *Daisy v. Roach,* 811 N.E.2d 862, 867 (Ind.Ct.App.2004). "Liability for injury ordinarily depends upon the power to prevent injury." *Id.* (quoting *Mishler v. State,* 730 N.E.2d 229, 231 (Ind.Ct.App. 2000)).

As discussed above, given the varying accounts of the events leading up to the accident, we agree with the trial court that summary judgment is likewise not appropriate on this issue.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.