## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 06 2016, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Daniel Craven
Craven, Hoover & Blazek, PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Logan C. Hughes
Reminger Co., LPA
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Erika Jagger DeHeer, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Ray's Trash Service, Inc., <br> *Appellee-Defendant* | May 6, 2016 <br><br> Court of Appeals Case No. 32A01-1512-CT-2313 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Stephanie LeMay-Luken, Judge <br><br> Trial Court Cause No. 32D05-1410-CT-140 |

**Crone, Judge.**

## Case Summary

[1]    Erika Jagger DeHeer brought a negligence action against Ray's Trash Service, Inc. ("Ray's"), for injuries she suffered when she fell and cut her face on the

inner rim of her rolling trash bin. The trial court granted summary judgment in favor of Ray's, and DeHeer appeals. Concluding that Ray's affirmatively negated an element of DeHeer's negligence claim, we affirm.

## Facts and Procedural History

[2] The undisputed material facts are as follows. In November 2010, DeHeer moved to a five-acre Noblesville farm. Shortly thereafter, she contacted Ray's to commence weekly trash and recycling pickup service. In conjunction with Ray's service, customers use Ray's standard-issue trash and recycle bins, which are large plastic containers with a hinged lid, handles, and two wheels for easy transport. Inside the hinged lid is a large printed message, "PLEASE CLOSE LID BEFORE MOVING." Plaintiff's Ex. 6. For the next year and a half, DeHeer used the bins without incident, always closing the lid before moving them, a practice which she considered to be "common sense." Appellant's App. at 40.

[3] On the evening of May 13, 2012, DeHeer wheeled her trash and recycle bins to the end of her dirt and gravel driveway for collection the next morning. On May 14, she left around 7:15 a.m. to drive her son to his high school in Indianapolis and noticed that the trash and recycling had not yet been collected. When she returned about an hour and a half later, she noticed that the bins were empty and lying on their sides in her driveway, lids open. She exited her vehicle and bent down to grab the trash bin by its handles, which were perpendicular to the ground. She did not close the lid. As she attempted to

turn the bin upright, it rolled away from her and she fell forward, hitting her nose and cheek on the plastic inner rim. She sought immediate treatment at the plastic surgery center where she had undergone a previous cosmetic procedure. Her injuries included a nasal bone fracture, nasal tissue avulsion laceration, wounds to her right cheek and eyelid, and pain in her head and shoulder. She did not notify Ray's of the incident and continued to use Ray's for her trash and recycling service for five months thereafter.

[4] In May 2014, DeHeer filed a negligence action against Ray's. Ray's subsequently filed a motion for summary judgment, claiming that it did not breach a duty to DeHeer and, in the alternative, that DeHeer incurred any risk associated with her use of the bins. DeHeer filed a motion in opposition, and the parties designated evidence in support of their respective positions. Following a hearing, the trial court entered summary judgment in favor of Ray's. DeHeer now appeals.

## Discussion and Decision

[5] DeHeer maintains that the trial court erred in granting summary judgment in favor of Ray's. We review a summary judgment de novo, applying the same standard as the trial court and drawing all reasonable inferences in favor of the nonmoving party. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In conducting our review, we consider only those matters that were designated at the summary judgment stage. *Haegert v. McMullan*, 953 N.E.2d 1223, 1229 (Ind. Ct. App. 2011). Summary judgment is appropriate if the designated

evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hughley*, 15 N.E.3d at 1003; Ind. Trial Rule 56(C).

[6] The moving party bears the initial burden of demonstrating the "absence of any genuine issue of fact as to a determinative issue." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). Then the burden shifts to the nonmoving party to "come forward with contrary evidence" showing a genuine issue for the trier of fact. *Id*. at 762. The nonmoving party cannot rest upon the allegations or denials in the pleadings. *Syfu v. Quinn*, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005). In *Hughley*, our supreme court emphasized that the moving party bears an onerous burden of affirmatively negating the opponent's claim. 15 N.E.3d at 1003. This approach is based on the policy of preserving a party's day in court, thus erring on the side of allowing marginal cases to proceed to trial on the merits rather than risking the short-circuiting of meritorious claims. *Id*. at 1003-04.

[7] In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility. *Peterson v. Ponda*, 893 N.E.2d 1100, 1104 (Ind. Ct. App. 2008), *trans. denied* (2009). Rather, we must accept as true those facts established by the designated evidence favoring the nonmoving party. *Brill v. Regent Commc'ns, Inc.*, 12 N.E.3d 299, 309-310 (Ind. Ct. App. 2014), *trans. denied*. A trial court's grant of summary judgment arrives on appeal clothed with a presumption of validity. *Williams*, 914 N.E.2d at 762. We may affirm a grant of summary judgment on any legal basis supported by the designated evidence. *Harness v. Schmitt*, 924 N.E.2d 162, 165 (Ind. Ct. App. 2010).

To recover on a theory of negligence, a plaintiff must establish three elements:

> (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach.

*Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991). Although summary judgment is rarely appropriate in negligence cases due to their fact-sensitivity, a determination concerning the existence of a duty is generally a matter of law to be resolved by the trial court. *Sparks v. White*, 899 N.E.2d 21, 23 (Ind. Ct. App. 2008). In cases where the determination of duty is interwoven with factual issues such as the foreseeability of harm, it may be a mixed question of law and fact to be resolved by the factfinder. *Id.*

DeHeer bases her negligence claim on Sections 388 and 392 of the Restatement (Second) of Torts. Section 388 reads,

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

> (c) fails to exercise reasonable care to inform them of its
> dangerous condition or of the facts which make it likely to be
> dangerous.

*Coffman v. PSI Energy, Inc.*, 815 N.E.2d 522, 536 n.5 (Ind. Ct. App. 2004)

(quoting RESTATEMENT (SECOND) OF TORTS § 388 (1965)), *trans. denied* (2005).

[10]     Section 392 reads,

> One who supplies to another, directly or through a third person,
> a chattel to be used for the supplier's business purposes is subject
> to liability to those for whose use the chattel is supplied, or to
> those whom he should expect to be endangered by its probable
> use, for physical harm caused by the use of the chattel in the
> manner for which and by persons for whose use the chattel is
> supplied
>
> (a) if the supplier fails to exercise reasonable care to make the
> chattel safe for the use for which it is supplied or,
>
> (b) if he fails to exercise reasonable care to discover its dangerous
> condition or character, and to inform those whom he should
> expect to use it.

*McGlothlin v. M & U Trucking, Inc.*, 688 N.E.2d 1243, 1245 (Ind. 1997) (quoting

RESTATEMENT (SECOND) OF TORTS § 392 (1965)).

[11]     As a supplier, Ray's had a duty to provide bins reasonably suitable for their

intended purpose of holding and transporting trash and recyclables to the curb

and back.  The wheels contribute to this intended use by facilitating the bins'

transport.  The fact that the chief function of a wheel is to roll is open and

obvious to the user, especially one such as DeHeer, who had used the bins without incident for eighteen months prior to her accident. As for the inner rim on which DeHeer struck her face, the clearly printed admonition to close the lid before moving informs the expected user concerning the safest usage of the bin. DeHeer testified that she had made it a habit to always close the lid because it was "common sense" to do so. Appellant's App. at 40. Even so, Plaintiff's Exhibit A depicts an inner rim that appears to be made of the same plastic as the bin itself. The condition of the rim would have been readily apparent to DeHeer, who for eighteen months had been the primary person responsible for opening and closing the lid to load and transport the bin. In short, the chattel supplied by Ray's was neither dangerous nor otherwise unsuitable for its intended use.

[12] As for DeHeer's assertion that Ray's breached a duty to ensure that her bins would be left in an upright position after collection, she designated no evidence to show that Ray's owed such a duty or otherwise assumed a duty to do so. *See Yost v. Wabash College*, 3 N.E.3d 509, 517 (Ind. 2014) (emphasizing that assumption of duty "requires affirmative, deliberate conduct such that it is apparent that the actor … specifically undertook to perform the task that he is charged with having performed negligently."). Even if Ray's had assumed such an expansive duty to ensure that the bins did not tip over during collection, it could not possibly ensure that the bins would remain upright between the time of collection and the time of retrieval by the customer. Simply put, Ray's did not owe DeHeer a duty to ensure that her bins would be upright when she

retrieved them.[1]  Accordingly, we affirm the trial court's grant of summary judgment.

[13]  Affirmed.

Najam, J., and Robb, J., concur.

---

[1] Because we affirm on this basis, we need not address Ray's' alternate theory of incurred risk.