## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 12 2019, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| PRO SE FOR APPELLANTS | ATTORNEYS FOR APPELLEE |
|---|---|
| Debora Walton<br>Westfield, Indiana | Thomas R. Schultz<br>Jon L. Bucher<br>Schultz & Pogue, LLP<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald Walton and Debora Walton,<br><br>*Appellants-Plaintiffs,*<br><br>v.<br><br>Ryan Cangany,<br><br>*Appellee-Defendant* | September 12, 2019<br><br>Court of Appeals Case No. 19A-CT-35<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Patrick J. Dietrick, Judge<br><br>Trial Court Cause No. 49D12-1707-CT-29646 |

**Crone, Judge.**

## Case Summary

Ronald Walton and his sister Debora Walton (collectively "the Waltons"), filed a negligence action against Ryan Cangany for injuries stemming from an automobile accident. Cangany served Debora and Ronald separately with requests for admissions and received no response from either of them. He then sought and was granted summary judgment. The Waltons jointly appeal that ruling. We affirm.

## Facts and Procedural History

In July 2017, the Waltons filed a personal injury action against Cangany following a 2015 automobile accident at an Indianapolis intersection. They claimed that Cangany negligently operated his vehicle, causing Ronald to suffer physical injuries and incur medical expenses. In October 2017, they filed an amended complaint with jury demand.[1]

On July 31, 2018, Cangany, by counsel, sent cover letters by regular and certified mail to Ronald and Debora at each of their listed addresses. Attached to each letter was a two-page document titled, "Defendant's Request for Admissions and Alternative Interrogatory," which includes the following:

> Defendant, Ryan Cangany, by counsel, submits the following
> Request for Admissions and Alternative Interrogatory, pursuant
> to Ind. Trial Rules 34 and 36, to be answered within thirty (30)

---

[1] The Waltons have failed to include in their appendix a copy of the complaint or amended complaint with jury demand. Thus, the nature of Debora's damages is unclear.

days after service hereof:

REQUEST NO. 1: Ryan Cangany did not breach any duties owed to you with regard to operation of his vehicle on October 28, 2015.

….

REQUEST NO. 2: You suffered no damages as a result of the motor vehicle accident on October 28, 2015, involving Ryan Cangany and Ronald Walton.

….

REQUEST NO. 3: Ryan Cangany was not negligent in the operation of his vehicle on October 28, 2015.

….

REQUEST NO. 4: Ryan Cangany is not liable to Ronald[/Debora] Walton for any damages as a result of the motor vehicle accident on October 28, 2015.

….

ALTERNATIVE INTERROGATORY: If you do not unequivocally admit or deny all of the above Request for Admissions, please state with specificity all facts upon which you rely for not admitting the above Request for Admissions.

Appellants' App. Vol. 2 at 28-29, 33-34.

[4] Neither Ronald nor Debora submitted responses to his/her request for admissions. On October 15, 2018, Cangany filed a motion for summary judgment with designated materials, including the unanswered requests for

admissions. He claimed that the information deemed admitted pursuant to Indiana Trial Rule 36 negated at least one element of negligence as a matter of law. The Waltons did not file a memorandum or designate any materials in opposition to summary judgment. The Chronological Case Summary shows that on November 2, 2018, Ronald filed a motion to strike Cangany's motion for summary judgment.[2] Cangany filed a response to the motion to strike, and on December 4, 2018, the trial court conducted a hearing on both motions. That same day, the trial court issued an order denying Ronald's motion to strike. Ronald filed a motion to reconsider, which the trial court also denied. The Waltons then filed a joint motion for leave to file a response to Cangany's motion for summary judgment, which the trial court denied.

[5] On December 14, 2018, the trial court issued an order granting summary judgment in favor of Cangany. The Waltons appeal that order. Additional facts will be provided as necessary.

## Discussion and Decision

[6] The Waltons contend that the trial court erred in granting Cangany's motion for summary judgment. As a preliminary matter, we note that the Waltons chose to proceed pro se both here and in the proceedings below. It is well settled that pro se litigants are held to the same legal standards as licensed

---

[2] The trial court noted during the hearing on the motion to strike that although it was titled "Verified," it was in fact unverified. The motion is not included in the appendix, and the basis for it is unknown.

attorneys. *Twin Lakes Reg'l Sewer Dist. v. Teumer*, 992 N.E.2d 744, 747 (Ind. Ct. App. 2013).[3]

[7] We review a court's ruling on a summary judgment motion de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In conducting our review, we consider only those matters that were designated to the trial court during the summary judgment stage. *Biedron v. Anonymous Physician 1*, 106 N.E.3d 1079, 1089 (Ind. Ct. App. 2018), *trans. denied* (2019).

[8] Summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hughley*, 15 N.E.3d at 1003; Ind. Trial Rule 56(C). The moving party bears the onerous burden of affirmatively negating an opponent's claim. *Hughley*, 15 N.E.3d at 1003. Then, if "the moving party satisfies this burden through evidence designated to the trial court, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial." *Biedron*, 106 N.E.3d at

---

[3] This includes litigants who prosecute their appeals pro se and therefore must comply with all the rules of appellate procedure. *Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 61 (Ind. Ct. App. 2002), *trans. denied* (2003). The Waltons have failed to comply with several rules of appellate procedure. For example, they have failed to include in their appendix copies of the complaint, amended complaint, motion to strike, and Cangany's response to the motion to strike. They also have improperly included a reproduction of the transcript of the summary judgment hearing. *See* Ind. Appellate Rule 50(f) (because transcript is transmitted pursuant to Rule 12(B), parties should not reproduce any portion of transcript in the appendix). Moreover, their brief is deficient in many respects, and their arguments lack cogency. As the party with the burden of establishing error on appeal, they must develop reasoned arguments supporting their allegations and provide citations to pertinent authority. Ind. Appellate Rule 46(A)(8).

1089 (quoting *Broadbent v. Fifth Third Bank*, 59 N.E.3d 305, 311 (Ind. Ct. App. 2016), *trans. denied*).

[9] In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility. *Peterson v. Ponda*, 893 N.E.2d 1100, 1104 (Ind. Ct. App. 2008), *trans. denied* (2009). Rather, we must accept as true those facts established by the designated evidence favoring the non-moving party. *Brill v. Regent Commc'ns, Inc.*, 12 N.E.3d 299, 309 (Ind. Ct. App. 2014), *trans. denied*. "Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party." *Buddy & Pals III, Inc. v. Falaschetti*, 118 N.E.3d 38, 41 (Ind. Ct. App. 2019) (quoting *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016)), *trans. denied*. The party that lost in the trial court bears the burden of persuading us that the trial court erred. *Biedron*, 106 N.E.3d at 1089. We may affirm a grant of summary judgment on any legal basis supported by the designated evidence. *Harness v. Schmitt*, 924 N.E.2d 162, 165 (Ind. Ct. App. 2010).

[10] The Waltons' action against Cangany is grounded in negligence. To prevail on a negligence claim, the plaintiffs must demonstrate "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." *Buddy & Pals*, 118 N.E.3d at 41 (quoting *King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003)).

[11] Here, Cangany served separate requests for admissions on Debora and Ronald pursuant to Indiana Trial Rule 36. Rule 36 allows a party to serve upon any other party a request for the admission of the truth of matters asserted by separately setting forth each matter for which an admission is requested.

> The matter is admitted unless, within a period designated in the request, not less than thirty (30) days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.

*Id*. "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Ind. Trial Rule 36(B).

[12] The Waltons failed to respond at two critical junctures. They did not submit any answers or objections to Cangany's requests for admissions. Nor did they request an enlargement of time within which to respond. The requests for admissions went to the heart of Cangany's negligence claim, as each plaintiff was asked to admit or deny that "Cangany did not breach any duties owed" to him/her, that he/she "suffered no damages," that "Cangany was not negligent in the operation of his vehicle," and that "Cangany was not liable … for any damages" resulting from the accident. *See* Appellants' App. Vol. 2 at 28-29, 33-34 (Exhibits 1 and 2). When the Waltons failed to respond, Cangany filed a motion for summary judgment on the ground that the deemed admitted matters negated at least one of the elements of negligence.

[13] The Waltons again failed to respond. They did not file a memorandum in opposition to summary judgment or designate any affidavits or other materials. Ronald did file a motion to strike Cangany's motion for summary judgment, but the court found it to be unverified and denied it during the December 4, 2018, summary judgment hearing. At the hearing, the Waltons offered various explanations for their communication and filing failures. Ronald claimed that he had received the request for admissions and had typed out and sent responses to Cangany's counsel. Neither Cangany nor his counsel received any such responses. When asked why he did not attach any of the alleged responses to his motion to strike, Ronald explained that his computer crashed and that he therefore could not provide any copies to verify his assertions.[4] Tr. Vol. 2 at 10. Debora denied ever having been served with the letter and accompanying request for admissions. She explained to the trial court that her employees pick up her mail and that she does not allow them to sign for any certified mail. *Id*. at 12. However, this explanation did not account for the copies sent by regular mail, and Debora confirmed to the trial court that her mailing address was correct and that Cangany's counsel had signed the certificate of service. *Id*. at 14; *see also id*. at 16-17 (Cangany's Counsel: "Everything we've sent to both litigants has been sent regular mail and certified.").

---

[4] Cangany's counsel explained that she had not received any responses from Ronald to the request for admissions but that she believed that Ronald was referring to his responses to some initial interrogatories and requests for production, not the request for admissions. Tr. Vol. 2 at 11. These are not included in the record before us.

[14]     In sum, the Waltons failed both to respond to the requests for admissions and to designate any affidavits or other documents in opposition to summary judgment. The Waltons' failure to respond to the requests for admissions resulted in the statements negating the elements of negligence being deemed admitted. The Waltons could have designated affidavits explaining the alleged service and/or computer problems, or attached copies of alleged responses in opposition to Cangany's motion for summary judgment. They did not do so. Their unverified explanations during the hearing cannot be considered designated evidence. As such, they have failed to meet their burden of persuading us that the trial court erred in granting summary judgment in favor of Cangany. *See Biedron*, 106 N.E.3d at 1089. Accordingly, we affirm.

[15]     Affirmed.


Baker, J., and Kirsch, J., concur.