## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 27 2015, 8:03 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John P. Daly, Jr.
Golitko & Daly, PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
EIM, LLC

Christopher L. Lafuse
American Family Insurance
Legal Department
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Tilton,

*Appellant-Plaintiff,*

v.

EIM, LLC, John M. Wyatt, Individually and d/b/a Wyatt Construction, and Jennifer Thompson,

*Appellees-Defendants*

October 27, 2015

Court of Appeals Case No. 49A05-1503-CT-135

Appeal from the Marion Superior Court

The Honorable Cynthia J. Ayers, Judge

Trial Court Cause No. 49D04-1108-CT-30369

**Crone, Judge.**

# Case Summary

David Tilton appeals the trial court's grant of summary judgment in favor of EIM, LLC, in his personal injury action for damages stemming from his fall from a third-story balcony in Jennifer Thompson's home.[1]  We affirm.

# Facts and Procedural History

In 2007, Thompson sought financing to purchase and refurbish an old house in Indianapolis.  She hired EIM by its owner Bruce Everly to serve as a consultant under a program established by the Department of Housing and Urban Development ("HUD 203(k)") for rehabilitation and repair of single-family homes.  HUD 203(k) provides that a prospective homeowner may hire a consultant to prepare a proposal to obtain financing for the purchase and rehabilitation of a home in need of repair or modernization.  Pursuant to HUD 203(k), the consultant must enter into a written agreement with the prospective homeowner explaining the services to be rendered by the consultant.  These services include conducting an initial inspection to determine the work needed on the home; reviewing the work of the prospective homeowner's chosen construction contractor to ensure that it is in compliance with HUD 203(k); and releasing the funds from the lender to the prospective homeowner/contractor incrementally as the contractor completes the work and the consultant inspects

---

[1]  John M. Wyatt, individually and d/b/a Wyatt Construction, and Thompson, also designated as defendants in the cause below, are not participants in this appeal, but pursuant to Indiana Appellate Rule 17(A), "A party of record in the trial court or Administrative Agency shall be a party on appeal."

it for completion. When all the work is completed and the consultant certifies the project as complete, the final draw is released from the lender.

[3] In December 2007, EIM conducted its initial inspection of the property and compiled a list of needed repairs. During the walkthrough, EIM's Everly did not note any problem with the balcony railing. He was accompanied by Thompson and Tilton, who claimed to be a representative of Kingdom Builders. Kingdom Builders later informed EIM that Tilton was not its representative. Thompson subsequently hired Wyatt Construction ("Contractor") as the contractor for her project. According to Everly, neither Thompson nor Contractor ever notified EIM of a problem with the balcony railing.

[4] During the ensuing seven months, EIM made three or four additional trips to the property to observe Contractor's progress and approve the release of disbursements from the lender ("Lender"). In July 2008, the project was completed and the final disbursement released.

[5] On November 12, 2009, Tilton was on the property as Thompson's invited guest. During his visit, he leaned against the railing on the third-floor balcony and it gave way. He fell off and sustained injuries.

[6] Tilton filed a negligence action against EIM, Contractor, and Thompson, claiming that the defendants knew or should have known that the railing was not secured to the home's structure. With respect to EIM, Tilton asserted that it failed to adequately inspect the balcony railing and see that it was repaired.

[7] EIM filed a motion for summary judgment, with an accompanying memorandum and designated evidence, claiming that it did not owe Tilton a duty as a matter of law. The trial court denied EIM's motion, and EIM filed a motion to certify interlocutory order for appeal. The trial court held a hearing on EIM's motion and treated it as a motion to reconsider the denial of summary judgment. The trial court took the matter under advisement and issued findings of fact and conclusions thereon in an order denying EIM's motion to certify for interlocutory appeal, vacating its previous denial of EIM's motion for summary judgment, and granting summary judgment in favor of EIM. Tilton now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[8] Tilton maintains that the trial court erred in granting summary judgment in favor of EIM. We review a summary judgment de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Summary judgment is properly granted only when the pleadings and designated evidence reveal that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Brill v. Regent Commc'ns, Inc.*, 12 N.E.3d 299, 309-310 (Ind. Ct. App. 2014), *trans. denied*. In conducting our review, we consider only the evidentiary matter that the parties have specifically designated to the trial court. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility. *Peterson v. Ponda*, 893 N.E.2d 1100, 1104 (Ind. Ct. App. 2008), *trans. denied* (2009).

Rather, we must accept as true those facts established by the designated evidence favoring the nonmoving party and will resolve all doubts against the moving party. *Brill*, 12 N.E.3d at 309.

[9] Here, the trial court initially denied EIM's motion for summary judgment but reversed its decision during its consideration of EIM's motion for certification of interlocutory appeal, thus ultimately granting summary judgment in favor of EIM. "A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous." *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citations omitted), *trans. denied* (2013). "No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court." Ind. Trial Rule 56(H).

[10] Tilton seeks to recover in tort for negligence. Although summary judgment is rarely appropriate in negligence cases due to their fact-sensitivity, a determination concerning the existence of a duty is generally a matter of law to be resolved by the trial court. *Sparks v. White*, 899 N.E.2d 21, 23 (Ind. Ct. App. 2008). In cases where the determination of duty is interwoven with factual issues such as the foreseeability of harm, it may be a mixed question of law and fact to be resolved by the factfinder. *Id.*

[11] To recover on a theory of negligence, a plaintiff must establish three elements:

> (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach.

*Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991).

[12] Tilton admits that there is no contractual relationship between EIM and himself, even as a third-party beneficiary. *See e.g.*, *Emmons v. Brown*, 600 N.E.2d 133, 134 (Ind. Ct. App. 1992) (concluding that even borrowers are not afforded third-party beneficiary status to Fair Housing Act appraisals). As such, he appears to base his claim on premises liability, maintaining that he was owed a duty of care as an invitee on the property. *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). The parties do not dispute Tilton's status as a social guest of Thompson at the time he fell. *See Kopczynski v. Barger*, 887 N.E.2d 928, 931 (Ind. 2008) (reiterating that social guest is invitee to whom the landowner or occupier owes duty of reasonable care). However, EIM was neither the owner nor the occupier of the property at the time of Tilton's accident.

> In premises liability cases, the determination of whether a duty is owed depends primarily upon *whether the defendant was in control of the premises when the accident occurred.* The purpose of the law is to subject to liability the person who could have known of any dangers on the land and therefore could have acted to prevent any foreseeable harm.

*Peterson*, 893 N.E.2d at 1106-07 (citations and internal quotation marks omitted) (emphasis added).

Tilton submits that by acting as an inspector[2] of the premises pursuant to HUD 203(k), EIM assumed a tort duty to him concerning the condition of the balcony railing. With respect to assumption of duty, Restatement (Third) of Torts: Physical and Emotional Harm § 42 (2012) states in pertinent part,

> An actor who undertakes to render services to another and who knows or should know that the services will reduce the risk of physical harm to the other has a duty of reasonable care to the other in conducting the undertaking if:
>
> ....
>
> (b) the person to whom the services are rendered or another relies on the actor's exercising reasonable care in the undertaking.

Assumption of duty "requires affirmative, deliberate conduct such that it is apparent that the actor ... specifically undertook to perform the task that he is charged with having performed negligently." *Yost v. Wabash Coll.*, 3 N.E.3d 509, 517 (Ind. 2014) (citation and internal quotation marks omitted). "Without the actual assumption of the undertaking there can be no correlative legal duty to

---

[2] The parties argue over whether EIM was an inspector or an appraiser. Because this distinction is unnecessary to our ultimate resolution of this case, we decline to delve into it. That said, we note that a HUD 203(k) consultant's role appears to be a hybrid of both roles. That is, the consultant initially inspects the property to determine the extent of repairs needed; he then appraises the property and determines the extent of potential repairs for purposes of facilitating financing for the prospective homeowner; and he conducts periodic site visits to verify the contractor's satisfactory completion of the various repairs. EIM's Everly testified in his deposition that he is certified as a HUD 203(k) consultant, but he is not licensed as a home inspector. Appellant's App. at 54.

perform that undertaking carefully." *Id.* (citation and internal quotation marks omitted).

[15] Tilton likens his case to *Rider v. McCamment*, 938 N.E.2d 262 (Ind. Ct. App. 2010). There, a future homeowner fell and was injured after leaning over the railing of a deck that was under construction. *Id.* at 265. Another panel of this Court affirmed summary judgment in favor of the landowner/builder but reversed summary judgment in favor of the independent contractor hired by the landowner to perform the work on the property. *Id.* at 269-70. The *Rider* court emphasized that a proper determination concerning duty required examination of (1) whether the independent contractor was in control of the construction or property, and (2) whether the plaintiff was rightfully on the property at the time she was injured. *Id.* at 269. In reversing summary judgment in favor of the independent contractor, the *Rider* court found that the independent contractor's control over the property was undisputed, and genuine issues of material fact existed as to whether it was foreseeable to the contractor that the plaintiff might come to the construction site on the day she was injured.

[16] Tilton's reliance on *Rider* is misplaced. Rider's accident occurred during construction, when the contractor was in control of the property, had been present on the site that morning, and had merely left for lunch when Rider entered the property and fell from the deck. *Id.* at 265. Here, EIM was not present on the day of Tilton's accident, and the undisputed material facts regarding EIM's presence on the property include the following: (1) EIM's initial HUD 203(k) consultation occurred approximately twenty-three months

before Tilton's fall; (2) EIM visited the property three or four more times to conduct periodic checks on Contractor's progress; and (3) EIM's final responsibility on the property – the final inspection of the completed rehabilitation project – occurred more than fifteen months before Tilton's fall.

[17] Notwithstanding EIM's lack of control on the date of his accident, Tilton maintains that EIM assumed a duty to him on the date that Everly conducted the initial inspection of the property. In other words, he alleges that EIM *should have* included the balcony railing on its initial list of needed repairs and ensured that it was in fact repaired. He cites a checklist contained in the HUD 203(k) handbook, claiming that it specifies that exterior safety hazards must be rectified. However, he failed to include the handbook or checklist in his designated materials. Instead, his designated materials include only brief references to those documents in the form of questions in designated excerpts of Everly's deposition and a HUD letter to mortgagees.

[18] Moreover, Tilton's argument presupposes that the balcony railing was faulty at the time of Everly's initial walkthrough. Everly's designated affidavit avers that he inspected the entire premises and did not note any problem with the balcony railing. Appellant's App. at 30. Everly also avers that neither Thompson nor Contractor notified EIM concerning a subsequent discovery of any issue with the balcony railing. *Id.* EIM's involvement with the property had ceased more than a year before Tilton was injured, and the designated evidence supports the trial court's determination that as a matter of law EIM did not control the property at the time of the accident and did not owe or assume a duty to Tilton.

In sum, the evidence specifically designated to the trial court does not support reversal of its grant of summary judgment in EIM's favor. Ind. Trial Rule 56(H). Accordingly, we affirm.

Affirmed.

May, J., and Bradford, J., concur.